COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Annunziata

STEVEN CHAMBERS, S/K/A
 STEVEN LAMONT CHAMBERS
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 1103-94-2          JUDGE JAMES W. BENTON, JR.
                                         OCTOBER 17, 1995
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF PRINCE EDWARD COUNTY
                     William L. Wellons, Judge

          (James E. Ghee, on brief), for appellant.
          Appellant submitting on brief.

          (James S. Gilmore, III, Attorney General;
          John H. McLees, Jr., Assistant Attorney
          General, on brief), for appellee.  Appellee
          submitting on brief.


     Steven Chambers appeals from a conviction for distribution
of cocaine.  He contends that the trial judge erred in admitting
into evidence a laboratory certificate of analysis and an array
of photographs.  We affirm the conviction.

     The evidence at trial proved that Larry Wilson was acting as
a police informant when he asked Brian Edmonds where he could buy
cocaine.  Edmonds led Wilson to a trailer park, went alone to a
trailer, and accompanied a man to Wilson's automobile.  The man,
an individual unknown to Wilson, entered Wilson's automobile and
directed Wilson to turn on the interior light.  As Edmonds waited
outside the automobile, the man negotiated a price for cocaine
and sold Wilson a "rock" in a clear plastic bag.

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Three days after the sale, a police officer showed Wilson an array of eleven photographs in an album.  Wilson identified from those eleven photographs a photograph of the man who sold him the substance.  The police officer told him the person he identified was Steven Chambers.

Wilson testified that he made another drug purchase from Chambers several days after identifying the photograph.  During his testimony in court, Wilson identified Chambers as the person who negotiated the price for cocaine and sold the "rock" to him.

### The Certificate of Analysis

The evidence at trial proved that when the officer received the substance from Wilson, neither the officer nor Wilson knew the name of the man who sold the substance to Wilson.  The officer placed the substance in an evidence package and enclosed a request for analysis in the package indicating the name Brian Edmonds and an unknown person.  The officer sealed the package and later mailed it to the laboratory.  The evidence seal and the mailing certificate contain the same two case numbers.  The officer wrote Edmonds' name on his offense report beside one of the two numbers on the evidence seal.  After Wilson identified Chambers from the photograph, the officer wrote Chambers' name on his offense report opposite the other number.

The certificate of analysis was sent from the laboratory and put in the Chambers file by the clerk of the court.  The certificate stated that the solid substance was cocaine,

contained the offense number listed on the officer's mailing receipt, and contained the following identification:

                    Suspect(s):

                    EDMONDS, Brian
                    UNIDENTIFIED

Chambers contends that the trial judge erred in admitting the certificate of analysis of the substance because the certificate did not contain his name.  We disagree.

By statute, the certificate is admissible "provided (i) the certificate of analysis is filed with the clerk of the court hearing the case at least seven days prior to the hearing or trial and (ii) a copy of such certificate is mailed or delivered by the clerk or attorney for the Commonwealth to counsel of record for the accused at least seven days prior to the hearing or trial upon request of such counsel."  Code § 19.2-187.  Although this statute requires strict compliance by the Commonwealth, Gray v. Commonwealth, 220 Va. 943, 945, 265 S.E.2d 705, 706 (1980), Chambers does not contend that the letter of the law was not observed.  He argues that implicit in the statute is a requirement that his name appear on the face of the certificate.

The purpose of Code § 19.2-187 is to "ensure that the certificate to be used in evidence is lodged timely in a secure and appropriate place, accessible to the accused, and available to him upon request."  Stokes v. Commonwealth, 11 Va. App. 550, 552, 399 S.E.2d 453, 454 (1991).  The statutory filing

requirements were fulfilled and the purpose was served.  Although Chambers' name was not on the certificate, the certificate did contain the designations "Unidentified" and "Brian Edmonds." Chambers was not prevented from making an inquiry when he saw the certificate in the file.

Implicit in Chambers' objection to the admissibility of the certificate is the assertion that the proper foundation for the admissibility of the certificate was not laid because his name was not on the certificate.  The record proved, however, that the substance sent to the laboratory was identified by a case number that corresponded to a case number assigned to the incident involving Chambers and Edmonds.  Because the evidence linked the substance to Chambers through a chain of possession, see Rogers v. Commonwealth, 197 Va. 527, 531, 90 S.E.2d 257, 259 (1955), and the evidence proved the relevance of the substance, the trial judge did not err in admitting the certificate of analysis.  See Harshaw v. Commonwealth, 16 Va. App. 69, 427 S.E.2d 733 (1993).

Evidence is admissible if it tends to prove a matter that is properly at issue in the case and if its probative value outweighs any prejudicial effect.  Evans-Smith v. Commonwealth, 5 Va. App. 180, 196, 361 S.E.2d 436, 441 (1987).  The Commonwealth's evidence proved that the certificate reported the analysis of the cocaine purchased from Chambers.  Furthermore, Chambers has shown no prejudice that outweighs the probative value of the evidence.

## The Photographic Identification

Wilson identified Chambers from a group of eleven photographs three days following the cocaine purchase. After this identification, Wilson purchased cocaine from Chambers a second time. Wilson then identified Chambers in court as the individual who had twice sold him cocaine. Chambers argues the trial judge erred in allowing evidence of the basis for identification because the procedure was unduly suggestive. The admissibility of the photographs themselves is not at issue because the Commonwealth never introduced them. The defense introduced the photographs. However, the Commonwealth's evidence established that Wilson initially identified Chambers through the photographs. Thus, Chambers argues that evidence of the photographic identification, not the pictures themselves, should be suppressed.

The United States Supreme Court has recognized that impermissibly suggestive photographic displays may be suppressed and may also require suppression of eyewitness identifications at trial. Simmons v. United States, 390 U.S. 377, 384 (1968). Convictions based on photographic displays and later identifications in court will only be set aside if the "photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons, 390 U.S. at 384. A court must balance the suggestiveness of the photo display and

- 5 -

reliability to determine if the identification is admissible. Manson v. Brathwaite, 432 U.S. 98, 114 (1977). If an eyewitness had the opportunity to carefully observe the defendant, then suggestiveness may be overcome. Id.

In the present case, Chambers' claim of suggestiveness relies on the presence of a baseball hat in Chambers' photograph. After Wilson purchased cocaine from Chambers, Wilson described Chambers to the officer. He testified that Chambers wore a baseball cap at that time. When the officer showed the eleven photographs to Wilson, only Chambers' photograph depicted him wearing a baseball hat. Chambers alleges the presence of the baseball hat made the identification "all but inevitable." We disagree.

The record is unclear whether Wilson's oral description of Chambers to the officer included a baseball hat. Furthermore, Wilson purchased the cocaine while sitting close to Chambers in the front seat of an automobile. Wilson had the opportunity to look directly at Chambers. Wilson also had other dealings with Chambers after the initial sale. Considering the totality of the circumstances, as required by Brathwaite, we conclude the evidence proved that Wilson had the opportunity to make an accurate identification during the initial drug sale. 432 U.S. at 113. Thus, Chambers has not proven that there was a "substantial likelihood of misidentification." Neil v. Biggers, 409 U.S. 188, 201 (1972).

For these reasons, we affirm the conviction.

<u>Affirmed</u>.