**Alexandria**

ROBERT L. STOKES

v.

COMMONWEALTH OF VIRGINIA

No. 0973-89-4

Decided January 2, 1991

COUNSEL

James C. Clark (Land, Clark, Carroll & Mendelson, P.C., on brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**WILLIS, J.**—Convicted of possession of cocaine with intent to distribute, Robert L. Stokes contends on appeal that the trial court erred in receiving into evidence a certificate of laboratory analysis in violation of the filing requirements of Code § 19.2-187. We disagree and affirm the conviction.

Code § 19.2-187 provides:

In any hearing or trial of any criminal offense, a certificate of analysis of a person performing an analysis or examination, performed in any laboratory operated by the Division of Consolidated Laboratory Services or the Division of Forensic Science . . . shall be admissible in evidence as evidence of the facts therein stated and the results of the analysis or examination referred to therein, provided (i) the certificate of analysis is filed with the clerk of the court hearing the case at least seven days prior to the hearing or trial and (ii) a copy of such certificate is mailed or delivered by the clerk or attorney for the Commonwealth to counsel of record for the accused at least seven days prior to the hearing or trial upon request of such counsel.

The certificate of analysis of any examination conducted by the Division of Forensic Science relating to a controlled substance or marijuana shall be mailed or forwarded by personnel of the Division of Forensic Science to the attorney for the Commonwealth of the jurisdiction where such offense may be heard. The attorney for the Commonwealth shall acknowledge receipt of the certificate on forms provided by the laboratory.

The filing requirements of the first paragraph of the statute were met. The appellant contends that for the certificate of analysis to be admissible into evidence, it was necessary for the Commonwealth to lay a foundation showing that the requirements of the second paragraph had been met: that personnel of the Division of Forensic Science had mailed a copy of the certificate of analysis to the Commonwealth's Attorney and that he had acknowledged receipt.

In *Gray v. Commonwealth*, 220 Va. 943, 265 S.E.2d 705 (1980), the Supreme Court said:

> [Code § 19.2-187] deals with criminal matters, and it undertakes to make admissible evidence which otherwise might be subject to a valid hearsay objection. Thus, the statute should be construed strictly against the Commonwealth and in favor of the accused. This rule of construction is particularly applicable to the filing requirements of § 19.2-187; these requirements are contained in a proviso to the Code section. The proviso serves to limit and restrain what precedes it in the statute.

*Id.* at 945, 265 S.E.2d at 706 (citations omitted); *see also Allen v. Commonwealth*, 3 Va. App. 657, 663, 353 S.E.2d 162, 166 (1987).

The first paragraph of Code § 19.2-187 sets forth a specific statement of admissibility of certificates of laboratory analysis subject to provisos expressly stated and numbered (i) and (ii). When those provisos are satisfied, the statement of admissibility is complete, and a certificate thus qualified is properly received into evidence. The purpose of the provisos is plain. It is to ensure that the certificate to be used in evidence is lodged timely in a secure and appropriate place, accessible to the accused, and available to him upon request.

The second paragraph of Code § 19.2-187 serves an entirely different purpose. It provides for the coordination of governmental agencies to facilitate the development of his case by the Commonwealth's Attorney.

*Gray* was decided in 1980. The second paragraph of Code § 19.2-187 was enacted in 1984. Had the legislature intended the

provisions of that paragraph to be a condition of admissibility, it would have incorporated those requirements as enumerated provisos into the first paragraph.

The judgment of the trial court is affirmed.

*Affirmed.*

Duff, J., and Keenan, J., concurred.