Ronnie **RHEM**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–91–01288–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 5, 1991.

John C. Kuhn, Austin, for appellant.

John B. Holmes, Harris County Dist. Atty., for appellee.

Before TREVATHAN, C.J., and COHEN and O'CONNOR, JJ.

## ORDER

O'CONNOR, Justice.

Appellant, Ronnie Rhem, filed a motion for a remand under TEX.R.APP.P. 53(m) and a motion to extend the time to file the statement of facts. The State did not file a response.

On July 22, 1991, appellant pled nolo contendere to possession of a controlled substance with the intent to deliver, and was sentenced to 25 years confinement and a $50,000 fine. On August 9, 1991, appellant asserts he made a timely request to the court reporter to prepare a statement of facts from the plea proceeding as required by TEX.R.APP.P. 53(a). In his motion, appellant says the court reporter notified him by telephone that she did not record the plea proceeding. On August 20, 1991, appellant presented a notice of appeal to the district clerk for filing as required by TEX.R.APP.P. 40(b)(1). The notice of appeal in the district court's file contains a notation that the clerk received it for filing on August 20, 1991, and that the trial court "refused" to grant appellant an appeal.[1]

Appellant's motions request this Court (1) to place the original notice of appeal on this Court's docket; (2) to remand this case for a hearing to determine the reasons for the trial court's refusal to grant a notice of appeal; (3) to remand this case for a hearing to determine the court reporter's failure or refusal to prepare a statement of facts; (4) to grant appellant such other relief to which he may be entitled; and (5) to grant him an extension of time until November 23, 1991, to file a statement of facts, if any.

■ The first question we must decide is whether appellant properly perfected his appeal, conferring jurisdiction in this Court over the appeal. In a criminal case where no motion for new trial is filed, an appeal is perfected by filing a notice of appeal within 30 days after the day sentence is imposed or suspended in open court or the day an appealable order is signed by the trial court. TEX.R.APP.P. 41(b)(1). Here, appellant perfected his appeal when he presented his timely notice of appeal to the district clerk for filing on August 20, 1991. A document is considered filed when delivered to the clerk for filing. *See, e.g., Ex parte Leifeste*, 127 Tex.Crim. 445, 77 S.W.2d 675, 676 (App.1934) ("filing" is complete when a paper is delivered to the proper official, whose duty is to file the paper among the records); *Young v. State*, 28 Tex.Crim. 621, 218 S.W. 754 (App.1920) (delivery of the statement of facts to the clerk of the trial court within the time allowed by law held to constitute a sufficient filing); TEX.R.APP.P. 40(b)(1) (requires written notice of appeal to be filed with the clerk of the trial court). We apply the same rule in civil cases. *See, e.g., Biffle v. Morton Rubber Ind., Inc.*, 785 S.W.2d 143, 144 (Tex. 1990) (an instrument is deemed filed at the time it is delivered to the clerk). This Court, therefore, has jurisdiction over the

---

1. Apparently, the trial court "refused" appellant's appeal, because appellant's notice of appeal does not comply with rule 40(b)(1) by noting the trial court's permission to appeal. Under rule 40(b)(1), if a conviction is based on a nolo contendere plea pursuant to TEX.CODE CRIM. P.ANN. art. 1.15 (Vernon 1977), and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, to prosecute an appeal for a nonjurisdictional defect or error that occurred before entry of the plea, the notice of appeal must state that the trial court granted permission to appeal or specify that those matters were raised by written motion and ruled on before trial.

appeal. *See Jones v. State,* 796 S.W.2d 183, 186 (Tex.Crim.App.1990) (once a notice of appeal has been timely filed in a case, this Court acquires jurisdiction of that case).

The next question we must decide is whether the trial court has any discretion to "refuse" appellant's appeal based on the proviso in rule 40(b)(1). The proviso in rule 40(b)(1) regulates the extent of the grounds that a defendant can raise on appeal; it does not deprive this Court of jurisdiction over the appeal or give the trial court discretion to "refuse" an appeal. *See Jones,* 796 S.W.2d at 186. If a notice of appeal does not comply with the requirements of rule 40(b)(1), it fails to preserve any nonjurisdictional defects for appeal, but not because this Court lacks jurisdiction over the appeal. *See Jones,* 796 S.W.2d at 186. Whether appellant's notice of appeal complies with rule 40(b)(1) is a question for this Court to decide, not the trial court. *See Whitsitt v. Ramsay,* 719 S.W.2d 333, 335 (Tex.Crim.App.1986, orig. proceeding) (neither the trial court nor the district clerk have any discretion in regard to forwarding the notice of appeal to the appellate court); *State v. Kolenda,* 756 S.W.2d 39, 40 (Tex. App.—Houston [1st Dist.] 1988, orig. proceeding) (whether a notice of appeal is effective is a question for the appellate court, not the trial court). The trial court had no discretion to "refuse" appellant's appeal.

We **order** the trial court to allow appellant's notice of appeal to be filed, and **order** the district clerk to file the notice of appeal showing that it was timely filed on August 20, 1991. We find it unnecessary to remand this case to the trial court under rule 53(m) for a hearing to determine the reasons for the trial court's refusal to grant a notice of appeal.

We **grant** appellant's request to remand this case to the trial court under rule 53(m) for a hearing to determine the reasons for the court reporter's refusal or failure to prepare a statement of facts. The trial court shall also determine whether appellant is indigent. For this purpose, the trial court shall conduct such hearings as may be necessary, make appropriate findings and recommendations, and prepare a record of the proceedings. If appellant is indigent, the trial court shall take such measures as may be necessary to assure the preparation of a statement of facts, if possible. The record so made, including any orders and findings of the trial court, shall be sent to this Court no later that 30 days from the date of this order. If appropriate, the record may include an affidavit rather than a statement of facts.

It is so ORDERED.