### Norfolk

## CHARLES W. HARSHAW, JR.

v.

## COMMONWEALTH OF VIRGINIA

No. 1294-91-1

Decided March 9, 1993

COUNSEL

Chris A. Christie (J. Roger Griffin, Jr.; Christie, Held & Kantor, on brief), for appellant.

Oliver L. Norrell, III, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BRAY, J.**—Charles W. Harshaw, Jr. (defendant) was simultaneously tried and convicted by the trial court on indictments charging distribution of marijuana, possession of marijuana and possession of marijuana with intent to distribute. He appeals, complaining that the court erred in admitting certificates of drug analysis (certificates) into evidence because the related chain-of-custody was not properly established, and that the Commonwealth failed to comply with the filing requirements of Code § 19.2-187. We disagree and affirm the decision of the trial court.

The record discloses that Officer Mark G. Seleski (Seleski) "purchased an ounce of marijuana" from defendant on October 30, 1990. Immediately following the transaction, Seleski "responded back to police headquarters" and "turned the ounce over" to Detective Ronald W. Young (Young). When defendant again attempted to sell Seleski a "bag" of marijuana on November 1, 1990, he was arrested, and Young discovered and seized "seven bags" of marijuana in his residence.

Young "kept [the marijuana] in [his] possession," in "a locked locker inside a safe," to which "only [he] had the key," until he "packaged," "initial[ed]" and "dropped [it] in the mailbox for Detective Taylor to deliver to the forensic lab"[1] (lab or laboratory) on November 5, 1990. Detective Deborah S. Taylor (Taylor) "received

---

[1] A "laboratory operated by . . . the Division of Forensic Science" of the Commonwealth of Virginia. Code § 19.2-187.

[the marijuana] in [her] locker,'' to which she had ''the only key,'' and retained it until ''hand-delivered'' by her to ''Raymond Puryear (Puryear) at the lab'' on November 7, 1990. Upon receipt, and in Taylor's presence, ''Mr. Puryear assigned . . . number[s]'' to the evidence.

Taylor later returned to the ''lab'' and ''picked . . . up'' the evidence, still marked with ''Young's initials'' and numbered as assigned by Puryear, and the two related certificates, signed by Susan Stanitski, the laboratory ''chemist'' identified by Taylor as ''involved'' in the ''analysis.'' It was uncontroverted that these certificates were filed with the clerk of the trial court in accordance with Code § 19.2-187, but placed only in the ''two files'' pertaining to the offenses of November 1, 1990, possession of marijuana and possession of marijuana with intent to distribute.

When the Commonwealth offered into evidence that certificate relevant to the October 30, 1990 offense, distribution of marijuana, defendant objected, arguing that, though ''found in one of the other files,'' it was not in ''the file for the October 30th charge'' and, consequently, inadmissible. He further contended that the Commonwealth failed to ''show who received'' the evidence for analysis or ''to prove what happened while it was in the lab.''

■ Code § 19.2-187 provides, *inter alia*, that a certificate of analysis shall be admissible in evidence ''provided (i) the certificate of analysis is filed with the clerk of the court hearing the case at least seven days prior to the hearing or trial and (ii) a copy of such certificate is mailed or delivered . . . to counsel of record for the accused at least seven days prior to the hearing or trial upon request of such counsel.'' This statute ''sets forth a specific statement of admissibility of certificates'' and once its ''provisos are satisfied, the statement . . . is complete, and a certificate thus qualified is properly received into evidence.'' *Stokes v. Commonwealth*, 11 Va. App. 550, 552, 399 S.E.2d 453, 454 (1991); *see also Mostyn v. Commonwealth*, 14 Va. App. 920, 922-23, 420 S.E.2d 519, 520 (1992).

■ Well established ''principles of statutory construction require'' that we ''ascertain and give effect to the legislative intent,'' and the ''plain, obvious, and rational meaning of a statute is always preferred.'' *Branch v. Commonwealth*, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992). While Code § 19.2-187 must be construed ''strictly against the Commonwealth and in favor of the accused,'' a

"rule . . . particularly applicable to the filing requirements" of the statute, *Gray v. Commonwealth*, 220 Va. 943, 945, 265 S.E.2d 705, 706 (1980) (citations omitted), proviso (i) mandates only "that the certificate be *filed*." *Carter v. Commonwealth*, 12 Va. App. 156, 158, 403 S.E.2d 360, 361 (1991) (emphasis added); *see Mostyn*, 14 Va. App. at 922, 420 S.E.2d at 520. Its obvious and recognized "purpose . . . 'is to ensure that the certificate . . . is lodged timely in a secure and appropriate place, accessible to the accused, and available to him upon request.' " *Mostyn*, 14 Va. App. at 923, 420 S.E.2d at 521 (quoting *Stokes*, 11 Va. App. at 552, 399 S.E.2d at 454); *see Carter*, 12 Va. App. at 158, 403 S.E.2d at 361.

Here, the record is clear that the challenged certificate was properly filed with the clerk "at least seven days prior" to trial in compliance with Code § 19.2-187. Doubtless, it was thereafter accessible and available to defendant because it was lodged with another certificate which related to simultaneously tried offenses. Under these circumstances, both the letter and spirit of Code § 19.2-187 were fully satisfied.[2]

We turn next to defendant's assertion that the chain-of-custody of the evidence was not sufficiently established because the Commonwealth did not prove that Puryear was "an authorized agent of the laboratory." Code § 19.2-187.01 provides that a "report of analysis . . . shall be prima facie evidence . . . as to the custody of the material described therein from the time such material is received by an authorized agent . . . until such material is released subsequent to such analysis." The statute further provides that the "signature of the person who received the material . . . on the request for laboratory examination form shall be deemed prima facie evidence that the person receiving the material was an authorized agent." Code § 19.2-187.01.

However, contrary to defendant's argument, Code § 19.2-187.01 does not "specifically require" the Commonwealth to identify the recipient only through a "request for laboratory examination form." The agency relationship prescribed by the statute may be established by other evidence.

---

[2] We do not address whether the certificate would have been admissible had it been filed in a manner that may have effectively denied defendant those protections assured by the statute. *See Gray*, 220 Va. at 945-46, 265 S.E.2d at 706.

In this instance, Taylor testified that she "hand-delivered" the evidence specifically to Puryear, "at the lab," who proceeded to "assign[] . . . number[s]" to it. When later retrieved by Taylor, these numbers remained with the evidence, which she recognized and identified. Additionally, the related certificates were signed by a person known to Taylor as the laboratory chemist who had conducted the "analysis." This evidence sufficiently proved that the material had been properly received by an "authorized agent," thus establishing "prima facie evidence" of its "custody" pursuant to Code § 19.2-187.01.

Accordingly, the decision of the trial court is affirmed.

*Affirmed.*

Baker, J., and Barrow, J., concurred.