COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Annunziata and Overton
Argued at Norfolk, Virginia


NOEL AUSTIN CHERRY

                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1478-96-1       JUDGE NELSON T. OVERTON
                                        MAY 6, 1997
COMMONWEALTH OF VIRGINIA

              FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                      Thomas R. McNamara, Judge

              J. Brian Sheridan (White & Sheridan, P.C., on
              brief), for appellant.

              H. Elizabeth Shaffer, Assistant Attorney
              General (James S. Gilmore, III, Attorney
              General, on brief), for appellee.


     Noel Austin Cherry was convicted of distribution of cocaine.

On appeal, Cherry claims that because the certificate of

analysis did not contain his name, it should not have been

admitted.  Cherry also wishes to raise issues pro se that his

counsel did not raise in the petition for appeal.  For the

reasons that follow, we affirm.

     The parties are fully conversant with the record in the

cause, and because this memorandum opinion carries no

precedential value, no recitation of the facts is necessary.

     Code § 19.2-187 governs the admissibility of certificates of

analysis.  "The first paragraph of Code § 19.2-187 sets forth a

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not

designated for publication.

specific statement of admissibility of certificates of laboratory analysis subject to provisos expressly stated and numbered (i) and (ii). When those provisos are satisfied, the statement of admissibility is complete, and a certificate thus qualified is properly received into evidence." Stokes v. Commonwealth, 11 Va. App. 550, 552, 399 S.E.2d 453, 454 (1991). The statute contains no requirement that the defendant's name be on the certificate. At trial, testimony was given that the substance whose test results appear on the certificate was taken from the defendant. No error was committed in admitting this certificate.

Cherry also raises several issues on appeal pro se. We need not decide whether an appellant with appointed counsel may file additional pro se assignments of error, because Cherry's pro se petition was untimely filed, as was his motion for an extension of time.

Affirmed.