COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Bray and Annunziata
Argued at Alexandria, Virginia


WILLIE RANDY WALLER
                                        OPINION BY
v.   Record No. 0800-97-2     JUDGE ROSEMARIE ANNUNZIATA
                                      MARCH 31, 1998
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
John W. Scott, Jr., Judge

John F. Wilkinson, Assistant Public Defender,
for appellant.

Steven A. Witmer, Assistant Attorney General
(Richard Cullen, Attorney General, on brief),
for appellee.


Willie Randy Waller (appellant) was convicted of
distributing cocaine in violation of Code § 18.2-248.  On appeal,
appellant contends the trial court erred in admitting a
certificate of analysis of the cocaine in violation of the
statutory requirements.  Finding no error, we affirm his
conviction.

On October 30, 1996, Officer Lloyd Holland observed the
driver of a car, later identified as Larry Lewis (buyer), give
money to appellant in exchange for a small object.  Holland
testified that from his vantage point, he "couldn't say . . .
that for sure that it was a rock of crack cocaine, but I
suspected it to be so."  At Holland's direction, other officers,
including Officer William Hallam, followed and stopped Lewis'
car.  After the officers stopped him, Lewis gave the officers

some items which the officers believed to be crack cocaine. The officers returned and arrested appellant.

At trial, Hallam testified that he sent the suspected cocaine to the Bureau of Forensic Science for testing. After establishing the chain of custody, the Commonwealth moved to admit a copy of a certificate of analysis from the Bureau of Forensic Science that certified the substance was cocaine.

Appellant objected on the basis that the certificate did not satisfy the requirements of Code § 19.2-187, governing the admission of certificates of analysis in the absence of the preparer's testimony. Specifically, appellant argued that the clerk's date stamp on the certificate was illegible and accordingly did not establish that the certificate was filed with the clerk seven days prior to trial. He also contended that the stamp, which related to the date the certificate was filed in buyer's file, did not show that the certificate had ever been filed in appellant's file.

The court overruled his objection, and found that the certificate had been filed under buyer's name, with no cross-reference to appellant's name, "on February 21, 1997 in the Clerk's office of this court." After admitting the certificate and hearing further evidence, the court found appellant guilty of distribution of cocaine.

I.

Evidence of Filing

Appellant argues that the court's admission of the certificate of analysis violated Code § 19.2-187 because the stamp on the certificate was illegible and, therefore, failed to establish the date the document was received, by what court it was received, or by whom it was received. Code § 19.2-187 provides in relevant part:

> In any hearing or trial of any criminal offense . . ., a certificate of analysis of a person performing an analysis or examination . . . shall be admissible in evidence as evidence of the facts therein stated and the results of the analysis or examination referred to therein, provided (i) the certificate of analysis is filed with the clerk of the court hearing the case at least seven days prior to the hearing or trial and (ii) a copy of such certificate is mailed or delivered by the clerk or attorney for the Commonwealth to counsel of record for the accused at least seven days prior to the hearing or trial upon request of such counsel.

Generally, a court has discretion to determine whether evidence is admissible. Langhorne v. Commonwealth, 13 Va. App. 97, 106, 409 S.E.2d 476, 482 (1991) (citing Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)). A certificate of analysis, however, "is not admissible if the Commonwealth fails to strictly comply with the provisions of Code § 19.2-187." Woodward v. Commonwealth, 16 Va. App. 672, 674, 432 S.E.2d 510, 512 (1993) (citing, inter alia, Gray v. Commonwealth, 220 Va. 943, 945, 265 S.E.2d 705, 706 (1980)). "Under familiar principles, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly

-3-

deducible therefrom."  Rosser v. Commonwealth, 24 Va. App. 308, 310, 482 S.E.2d 83, 84 (1997) (citing Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975)).

In Carter v. Commonwealth, 12 Va. App. 156, 157, 403 S.E.2d 360, 361 (1991), the certificate of analysis at issue contained a handwritten notation which read "1988 Feb. 1 (4:40 pm) Filed, E.S.C., Dpty Clerk."  We held that "[t]he notation that the document had been 'filed' and date and initials of the deputy clerk who filed it were sufficient for the trial court to determine that the certificate had been filed in that court." Id. at 158, 403 S.E.2d at 361.

Here, viewed in the light most favorable to the Commonwealth, the stamp reads, "CIRCUIT CO . . . URG, Recei . . . 21 . . . y of Feb . . . 97 . . . 11:45 o'clock . . . a . . . clerk," followed by the signature of "M. Musselman."  The certificate also bears a stamp reading "A COPY TESTE–SHARRON S. MITCHELL, BY," also followed by the signature of "M. Musselman." Finally, the certificate bears the stamp of the Fredericksburg General District Court with the date December 26, 1996.  The stamps on the face of the document, therefore, established that the certificate had been filed in the Fredericksburg General District Court on December 26, 1996 and that the certificate had been filed on February 21, 1997 in the Circuit Court of a jurisdiction with a name ending with the letters "urg."

The only fact not apparent from the stamps on the face of

the document is whether the certificate was filed in the Circuit Court of Fredericksburg or in another circuit court in a jurisdiction with a name ending in the letters "urg," such as Lynchburg. The trial court, as finder of fact, may draw reasonable inferences from the evidence, and we are required to respect the trial court's reasonable inferences on appeal. Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). The trial court inferred from the evidence before it that the certificate had been filed with the clerk of the Circuit Court of Fredericksburg on February 21, 1997. In addition, appellant concedes on appeal that the certificate was found in the Fredericksburg circuit court file on the day of trial. We hold, therefore, that the evidence, in conjunction with reasonable inferences therefrom, supports the court's finding that the certificate was received by, and, therefore, "filed with," the clerk of the Circuit Court of Fredericksburg on February 21, 1997. See Carter, 12 Va. App. at 157, 403 S.E.2d at 361; see also Rhem v. State, 820 S.W.2d 946, 947 (Tex. App. 1991) ("A document is considered filed when delivered to the clerk for filing.").

## II.

### Filing Under the Name of Different Defendant

Appellant also contends the certificate was inadmissible because no evidence proved that the certificate was filed in

defendant's file seven days prior to trial.[1] The court found that the certificate was filed under Lewis' name with no cross-reference to appellant's name.

It is well established that the filing requirements of Code § 19.2-187 must "be construed strictly against the Commonwealth and in favor of the accused." Gray, 220 Va. at 945, 265 S.E.2d at 706; see also Bottoms v. Commonwealth, 20 Va. App. 466, 469, 457 S.E.2d 796, 797 (1995). By its language, however, "the statute requires only that the certificate be filed." Carter, 12 Va. App. at 158, 403 S.E.2d at 362. We have repeatedly explained that the purpose of the statute "is to ensure that the certificate to be used in evidence is lodged timely in a secure and appropriate place, accessible to the accused, and available to him on request." Stokes v. Commonwealth, 11 Va. App. 550, 552, 399 S.E.2d 453, 454 (1991); see also Harshaw v. Commonwealth, 16 Va. App. 69, 72, 427 S.E.2d 733, 735 (1993) (quoting Mostyn v. Commonwealth, 14 Va. App. 920, 923, 420 S.E.2d 519, 521 (1992)); Mostyn, 14 Va. App. at 923, 420 S.E.2d at 521 (quoting Stokes, 11 Va. App. at 552, 399 S.E.2d at 454).

In Harshaw, 16 Va. App. at 71, 427 S.E.2d at 735, copies of the relevant certificate of analysis were placed in the files of two of three related marijuana offenses that were tried simultaneously. The defendant argued that because the

---

[1] Defendant makes no contention that the Commonwealth failed to provide his counsel with a copy of the certificate of analysis seven days before trial as also required by Code § 19.2-187.

certificate was not filed in the file for one of the offenses, the certificate was inadmissible with respect to that offense.

Citing the purpose of the statute, we held:
> Here, the record is clear that the challenged certificate was properly filed with the clerk "at least seven days prior" to trial in compliance with Code § 19.2-187. Doubtless, it was thereafter accessible and available to defendant because it was lodged with another certificate which related to simultaneously tried offenses.

Id. at 72, 427 S.E.2d at 735.

This case is governed by Harshaw, 16 Va. App. at 72, 427 S.E.2d at 735. Code § 19.2-187 "'only [requires] that the certificate be filed.'" Harshaw, 16 Va. App. at 72, 427 S.E.2d at 735 (quoting Carter, 12 Va. App. at 158, 403 S.E.2d at 361); Mostyn, 14 Va. App. at 922, 420 S.E.2d at 520 (quoting Carter, 12 Va. App. at 158, 403 S.E.2d at 361). The statute does not require that the certificates must be filed according to any particular system. As construed by this Court, the statute requires the Commonwealth only to file the certificate in a way which is "'accessible to the accused, and available to him on request.'" Harshaw, 16 Va. App. at 72, 427 S.E.2d at 735 (quoting Mostyn, 14 Va. App. at 923, 420 S.E.2d at 521). As in Harshaw, there is no evidence in the record that the Fredericksburg filing system "effectively denied defendant those protections assured by the statute." Id. at 72 n.2, 427 S.E.2d at 735 n.2.

For these reasons, we affirm appellant's conviction.

Affirmed.