COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Baker
Argued at Richmond, Virginia


DWAYNE CHRISTOPHER HOPKINS, S/K/A
 AURELIOUS HOPKINS, A/K/A DWAYNE HOPKINS
                                        MEMORANDUM OPINION[*] BY
v.    Record No. 0644-98-2            JUDGE LARRY G. ELDER
                                          APRIL 27, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                       Thomas N. Nance, Judge

            Patricia P. Nagel, Assistant Public Defender
            (David J. Johnson, Public Defender, on
            brief), for appellant.

            Eugene Murphy, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Dwayne Christopher Hopkins (appellant) appeals from his bench

trial conviction for possessing cocaine.  On appeal, he contends

that the trial court erroneously (1) denied his motion to suppress

based on an illegal seizure and (2) admitted a certificate of

analysis into evidence without proof that it had been filed as

required by Code § 19.2-187.  For the reasons that follow, we

disagree and affirm appellant's conviction.

---

        [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

DENIAL OF MOTION TO SUPPRESS

At a hearing on a defendant's motion to suppress, the Commonwealth has the burden of proving that a warrantless search or seizure did not violate the defendant's Fourth Amendment rights. See Simmons v. Commonwealth, 238 Va. 200, 204, 380 S.E.2d 656, 659 (1989); Alexander v. Commonwealth, 19 Va. App. 671, 674, 454 S.E.2d 39, 41 (1995). On appeal, we view the evidence in the light most favorable to the prevailing party, granting to it all reasonable inferences fairly deducible therefrom. See Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). "[W]e are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them[,] and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc) (citing Ornelas v. United States, 517 U.S. 690, 699, 116 S. Ct. 1657, 1659, 134 L. Ed. 2d 911 (1996)). However, we review de novo the trial court's application of defined legal standards such as probable cause and reasonable suspicion to the particular facts of the case. See Shears v. Commonwealth, 23 Va. App. 394, 398, 477 S.E.2d 309, 311 (1996); see also Ornelas, 517 U.S. at 699, 116 S. Ct. at 1659.

Appellant concedes that the officers' initial approach of his vehicle was reasonable, but he contends that the officers violated

-

the Fourth Amendment by unlawfully searching his car and seizing him.  We disagree.[1]

Here, the officers' initial approach of appellant's vehicle did not implicate the Fourth Amendment, for the officers were attempting, initially, merely to awaken the unconscious appellant and to engage him in a consensual encounter on a public street. See, e.g., Payne v. Commonwealth, 14 Va. App. 86, 88, 414 S.E.2d 869, 870 (1992).  The evidence, viewed in the light most favorable to the Commonwealth, establishes that while in such a position, with the aid of a flashlight, Officer Melvin observed an alcohol bottle on the floor of the vehicle directly beneath appellant's leg.  Because Melvin saw the object in plain view from a public place, the discovery did not implicate the Fourth Amendment.  See, e.g., United States v. Dunn, 480 U.S. 294, 304-05, 107 S. Ct. 1134, 1141, 94 L. Ed. 2d 326 (1987); Cook v. Commonwealth, 216 Va. 71, 73, 216 S.E.2d 48, 50 (1975); see also Horton v. California, 496 U.S. 128, 130, 110 S. Ct. 2301, 2304, 110 L. Ed. 2d 112 (1990).

The presence of the alcohol bottle, combined with appellant's apparent unconsciousness and the difficulty the officers had in

---

[1]Appellant analyzes the officers' actions under the community caretaker doctrine.  For the reasons set out below, we hold that the actions of Officers Melvin and Flick were objectively reasonable in the context of an investigation of possible criminal activity.  See, e.g., Whren v. United States, 517 U.S. 806, 812-13, 116 S. Ct. 1769, 1774, 135 L. Ed. 2d 89 (1996).  Therefore, we do not analyze their actions under the community caretaker doctrine.

rousing him, provided the officers with an objectively reasonable suspicion that appellant was operating a motor vehicle under the influence of alcohol or narcotics in violation of Code § 18.2-266. See Williams v. City of Petersburg, 216 Va. 297, 300, 217 S.E.2d 893, 896 (1975) (holding that accused who was slumped over steering wheel of vehicle stopped in parking lot with engine running was "operating" vehicle for purposes of statute proscribing driving under the influence). Based on evidence supporting such a suspicion, the officers were entitled to detain appellant briefly for questioning in order to confirm or dispel their suspicions. When appellant responded to their question about whether he was "okay" with an equivocal, "I guess," the officers were entitled to remove appellant from the vehicle to determine whether he was, in fact, intoxicated.[2] See, e.g., Nash v. Commonwealth, 12 Va. App. 550, 552-53, 404 S.E.2d 743, 744 (1991). Once appellant got out, the officers could see the homemade pipe in plain view on the floor of the vehicle and observed that appellant was unsteady on his feet and "out of it."

"An officer may seize an item in plain view if the officer is lawfully in a position to see the item and it is 'immediately apparent that the item may be evidence of a crime.'" Commonwealth v. Ramey, 19 Va. App. 300, 303, 450 S.E.2d 775, 777 (1994)

---

[2]Furthermore, the evidence, viewed in the light most favorable to the Commonwealth, establishes that appellant exited the vehicle voluntarily when the officers asked, "Do you mind stepping out of [the] car?"

(quoting Carson v. Commonwealth, 12 Va. App. 497, 501, 404 S.E.2d 919, 921 (1991), aff'd, 13 Va. App. 280, 410 S.E.2d 412 (en banc), aff'd, 244 Va. 293, 421 S.E.2d 415 (1992)). Here, the pipe and stem were in plain view when appellant exited the car. Although neither officer testified expressly that he believed the pipe was evidence of criminal activity, Officer Melvin specifically identified the device as a homemade pipe and Officer Flick testified that he handcuffed appellant because of the pipe, making clear the officers' belief that the pipe was evidence of a crime. See id. at 304, 450 S.E.2d at 777 (holding that "[e]ven without knowing the exact nature of the [burned] residue [on foil atop a plastic bottle], it may have been immediately apparent to the officer that the bottle was evidence of a crime" because of the "highly unlikely event that it would have a legitimate use," thereby satisfying the "immediately apparent" requirement).

The presence of the pipe, coupled with appellant's apparent unconsciousness when the officers approached, their difficulty in rousing him, his equivocal response to their inquiries about his well being, and his condition upon exiting the vehicle, gave the officers probable cause to arrest him for operating a motor vehicle while under the influence of intoxicants.[3]

_____

[3]That the officers may not have conducted any field sobriety tests after appellant exited the vehicle or charged appellant with driving under the influence is irrelevant to determining whether their actions in seizing the pipe and arresting appellant were objectively reasonable.

For these reasons, appellant and the pipe were properly seized, and the trial court did not err in denying appellant's motion to suppress.

II.

ADMISSIBILITY OF CERTIFICATE OF ANALYSIS

Appellant also contends that the trial court erred in admitting the certificate of analysis into evidence under Code § 19.2-187.  He concedes that the certificate was in the trial court's case file but contests the holding of the trial court that this presence was sufficient to constitute filing within the meaning of the statute.  We disagree.

Code § 19.2-187 provides, in relevant part,

> that a certificate of analysis shall be admissible in evidence provided (i) the certificate of analysis is <u>filed with</u> the clerk of the court hearing the case at least seven days prior to the hearing or trial and (ii) a copy of such certificate is mailed or delivered . . . to counsel of record for the accused at least seven days prior to the hearing or trial upon request of such counsel.

<u>Id.</u> (emphasis added).  The purpose of the statute "is to ensure that the certificate to be used in evidence is lodged timely in a secure and appropriate place, accessible to the accused, and available to him on request."  <u>Stokes v. Commonwealth</u>, 11 Va. App. 550, 552, 399 S.E.2d 453, 454 (1991).

Ordinarily, a court has discretion in ruling on the admissibility of evidence.  See <u>Langhorne v. Commonwealth</u>, 13 Va.

-

App. 97, 106, 409 S.E.2d 476, 482 (1991).  However, "[b]ecause [Code § 19.2-187] 'deals with criminal matters, and it undertakes to make admissible evidence which otherwise' might be objectionable, it 'should be construed strictly against the Commonwealth and in favor of the accused.'"  Winston v. Commonwealth, 16 Va. App. 901, 904, 434 S.E.2d 4, 5 (1993) (quoting Gray v. Commonwealth, 220 Va. 943, 945, 265 S.E.2d 705, 706 (1980)).  "Prejudice to the defendant from a failure to comply need not be shown."  Woodward v. Commonwealth, 16 Va. App. 672, 674, 432 S.E.2d 510, 512 (1993).

Despite these rules, we hold that the presence of the certificate in the proper circuit court case file at least seven days before trial was sufficient to permit its admissibility under the statute.  As we previously have noted, a certificate of analysis is "filed with" the clerk of court within the meaning of Code § 19.2-187 when "received by" the clerk.  See Waller v. Commonwealth, 27 Va. App. 71, 75, 497 S.E.2d 508, 510 (1998) (citing Rhem v. State, 820 S.W.2d 946, 947 (Tex. Crim. App. 1991) ("A document is considered filed when delivered to the clerk for filing.")).  Furthermore, "Code § 19.2-187 does not prescribe the manner in which a clerk's office must mark such certificates" before they may be considered filed.  Carter v. Commonwealth, 12 Va. App. 156, 158, 403 S.E.2d 360, 361 (1991).  As a result, we have held that the notation on a "document [that it] had been 'filed' and the date and initials of the deputy clerk who filed it

-

were sufficient for the trial court to determine that the certificate had been filed" in the proper court in compliance with the statute.  See id.  Implicit in this ruling is that such a notation on the face of a certificate is merely circumstantial evidence of proper filing and that proper filing also may be established in other ways.

Deputy Clerk Maureen Williams testified that the general district court warrants were received in the clerk's office on February 13, 1998, as indicated by a date stamp, and delivered to the Commonwealth's Attorney's office on February 18, 1998, as indicated by another date stamp.  She identified the docket number and judge's initials written on the face of the warrant as being in her own handwriting and said she wrote that information on the warrant while the file was in the clerk's office sometime between February 13 and February 17.  She also explained that the top two sheets in the file contained a carbon feature such that when she wrote on the top sheet, the docket number and initials were imprinted on other sheets in the file, including the certificate of analysis, which was the third sheet in the file.  She confirmed, based on the carbon copy notations in her handwriting, that the certificate was in the file no later than February 17.

This evidence established that the certificate of analysis was in the circuit court case file for the charged offense at least seven days prior to trial and, therefore, that it was "filed

-

with" the clerk of court in compliance with Code § 19.2-187.[4]

Accordingly, the trial court did not err in admitting the certificate into evidence.

For these reasons, we hold that the trial court did not err in denying the motion to suppress or admitting the certificate of analysis into evidence, and we affirm appellant's conviction.

Affirmed.

---

[4]Here, the certificate was lodged in the appropriate file and, therefore, was "accessible" and "available" to appellant in compliance with Code § 19.2-187.  See Harshaw v. Commonwealth, 16 Va. App. 69, 72 & n.2, 427 S.E.2d 733, 735 & n.2 (1993); see also Waller, 27 Va. App. at 76-77, 497 S.E.2d at 510-11.  We do not consider whether the certificate--once "received by" and, therefore, "filed with" the clerk--would have been admissible if the clerk had filed it in a manner that rendered it neither accessible nor available to appellant.