COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Bray
Argued at Chesapeake, Virginia


ERIC LIN HARRIS
                                   MEMORANDUM OPINION[*] BY
v.    Record No. 0909-99-1     CHIEF JUDGE JOHANNA L. FITZPATRICK
                                       MARCH 7, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                     Christopher W. Hutton, Judge

             (David B. Olson; Cope, Olson & Yoffy, on
             brief), for appellant.  Appellant submitting
             on brief.

             (Mark L. Earley, Attorney General; Stephen R.
             McCullough, Assistant Attorney General, on
             brief), for appellee.  Appellee submitting on
             brief.


     Eric Lin Harris (appellant) was convicted in a bench trial

of possession with intent to distribute cocaine, in violation of

Code § 18.2-248, and possession of a firearm while in possession

of cocaine, in violation of Code § 18.2-308.4.  The sole issue

raised on appeal is whether the Commonwealth sufficiently

established that the evidence was received by "an authorized

agent" of the Division of Forensic Science within the meaning of

Code § 19.2-187.01.  For the following reasons, we affirm.

─────────────

          [*] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the prevailing party below, granting to that evidence all reasonable inferences fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).  So viewed, the evidence established that on September 21, 1998, appellant was stopped by Officer J. Wideman (Wideman) on several traffic violations.  In a search incident to his arrest, Wideman found a firearm and 12.963 grams of suspected cocaine on appellant's person.  After seizing the evidence from appellant, Wideman placed a tag on it, wrote appellant's name on the tag and assigned case number "9812788" to it.  Wideman wrote this same information inside the bag containing the evidence and sealed the bag.  Appellant was charged with possession with intent to distribute cocaine and possession of a firearm while in possession of cocaine.

At trial, the Commonwealth presented the testimony of Ronnie Staton (Staton), a property and evidence representative for the Hampton Police Department, to establish the chain of custody of the contraband seized during appellant's arrest. Staton testified that after receiving the evidence from Wideman, he marked and packaged the suspected bag of cocaine and on September 24, 1998, he transported it to the forensic laboratory for analysis.  Staton took the cocaine and "tagged it in Norfolk under [forensic lab number] T989734."  He also testified that he

-

kept the item in his personal possession until the time he "deposited it at the lab" and that no other person had access to this evidence. The certificate of analysis, which confirmed that the evidence was cocaine, reflected the same case number "98-12788" assigned by Wideman and the same forensic lab number "T98-9734" assigned by Staton. No evidence of tampering was presented.

On appeal, appellant argues that the Commonwealth failed to prove that the contraband seized by Wideman and held by Staton was ever received by an "authorized agent" of the laboratory as required by Code § 19.2-187.01. That section provides in part:

> A report of analysis duly attested by the person performing such analysis or examination in any laboratory . . . shall be prima facie evidence in a criminal . . . proceeding as to the custody of the material described therein <u>from the time such material is received by an authorized agent of such laboratory until such material is released subsequent to such analysis or examination</u>. Any such certificate of analysis purporting to be signed by any such person shall be admissible as evidence in such hearing or trial without any proof of the seal or signature or of the official character of the person whose name is signed to it. The signature of the person who received the material for the laboratory on the request for laboratory examination form shall be deemed prima facie evidence that the person receiving the material was an authorized agent and that such receipt constitutes proper receipt by the laboratory for purposes of this section.

Code § 19.2-187.01 (emphasis added). This section "relieves the Commonwealth of having to present testimony regarding the chain

of custody of an analyzed or examined substance, provided certain safeguards are met." Dunn v. Commonwealth, 20 Va. App. 217, 220, 456 S.E.2d 135, 136 (1995).

Assuming, without deciding, that the Commonwealth was required to prove that the evidence was received by an "authorized agent" within the meaning of Code § 19.2-187.01, we conclude that any error was harmless. Indeed, we have previously held that "Code § 19.2-187.01 does not 'specifically require' the Commonwealth to identify the recipient only through a 'request for laboratory examination form.' The agency relationship may be established by other evidence." Harshaw v. Commonwealth, 16 Va. App. 69, 72, 427 S.E.2d 733, 736 (1993).

In the instant case, Officer Wideman noted his name, a case number unique to the case, and appellant's name on the sealed envelope containing the seized contraband. Staton testified that he marked his name and the date on the envelope containing the drugs and that no other person had access to the evidence between the time he received the evidence and when he deposited it to the laboratory. Additionally, the certificate of analysis bears the same unique case number as that affixed by Wideman and the same unique lab number as that assigned by Staton.

Because the Commonwealth established that the evidence submitted was the same evidence as that tested by the laboratory and that it had not been altered, substituted or contaminated prior to testing, any lack of proof regarding the identity of

-

the "authorized agent" at the laboratory who received the evidence was harmless.  See Code § 19.2-187 (by presenting a duly attested certificate of analysis, the Commonwealth establishes its prima facie evidence of chain of custody); Crews v. Commonwealth, 18 Va. App. 115, 120, 442 S.E.2d 407, 409 (1994) (no break in the chain of custody where evidence was mailed in a sealed envelope to the forensic laboratory); Harshaw, 16 Va. App. at 72, 427 S.E.2d at 736 (no break in chain of custody where the arresting officer hand-delivered the evidence to an individual at the laboratory who assigned the case numbers); see also Dunn, 20 Va. App. at 222-23, 456 S.E.2d at 137-38 (no break in the chain of custody where the evidence was transferred between laboratories).  For the foregoing reasons, appellant's convictions are affirmed.

Affirmed.

-