COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Clements and Senior Judge Overton
Argued at Chesapeake, Virginia


CHRISTOPHER HOLMES, S/K/A
  CHRISTOPHER SEAN HOLMES
                                              MEMORANDUM OPINION[*] BY
v.        Record No. 2929-03-1                JUDGE LARRY G. ELDER
                                                  DECEMBER 7, 2004
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                           Carl E. Eason, Jr., Judge

            Timothy E. Miller, Public Defender (Office of the Public Defender,
            on brief), for appellant.

            Richard B. Smith, Senior Assistant Attorney General (Jerry W.
            Kilgore, Attorney General, on brief), for appellee.


        Christopher Holmes (appellant) appeals from his conviction for possession of cocaine

with intent to distribute.  On appeal, he contends the trial court erred in admitting the certificate

of analysis establishing the substance at issue was cocaine because the evidence failed to show

the certificate was filed in the circuit court at least seven days prior to trial as required by Code

§ 19.2-187.  We hold the evidence supported the trial court's finding that the certificate was filed

in the circuit court as required by the statute and, thus, that it was admissible at trial.

Accordingly, we affirm appellant's conviction.

        "Generally, a court has discretion to determine whether evidence is admissible."  Waller

v. Commonwealth, 27 Va. App. 71, 74, 497 S.E.2d 508, 509 (1998).  Nevertheless, "[a]

certificate of analysis is not admissible if the Commonwealth fails strictly to comply with the

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

provisions of Code § 19.2-187." Woodward v. Commonwealth, 16 Va. App. 672, 674, 432

S.E.2d 510, 512 (1993). Code § 19.2-187 provides in relevant part as follows:

> In any hearing or trial of any criminal offense . . . , a certificate of
> analysis of a person performing an analysis or examination,
> performed in any laboratory operated by the Division of
> Consolidated Laboratory Services or the Division of Forensic
> Science[,] . . . when such certificate is duly attested by such
> person, shall be admissible in evidence as evidence of the facts
> therein stated and the results of the analysis or examination
> referred to therein, provided (i) the certificate of analysis is filed
> with the clerk of the court hearing the case at least seven days prior
> to the hearing or trial and (ii) a copy of such certificate is mailed or
> delivered by the clerk or attorney for the Commonwealth to
> counsel of record for the accused at least seven days prior to the
> hearing or trial upon request made by such counsel to the clerk
> with notice of the request to the attorney for the Commonwealth.
> The request to the clerk shall be on a form prescribed by the
> Supreme Court and filed with the clerk at least ten days prior to
> trial.

This statute "imposes a condition for the exoneration of an otherwise hearsay document

from the application of the hearsay rule, thus making that document admissible." Basfield v.

Commonwealth, 11 Va. App. 122, 124, 398 S.E.2d 80, 81 (1990). "The purpose of the [statute]

is plain. It is to ensure that the certificate to be used in evidence is lodged timely in a secure and

appropriate place, accessible to the accused, and available to him upon request." Stokes v.

Commonwealth, 11 Va. App. 550, 552, 399 S.E.2d 453, 454 (1991).

Because this statute "deals with criminal matters, and it undertakes to make admissible

evidence which otherwise" might be objectionable, it "should be construed strictly against the

Commonwealth and in favor of the accused." Gray v. Commonwealth, 220 Va. 943, 945, 265

S.E.2d 705, 706 (1980). The statute does not authorize

> filing in the general district court as a substitute for the proviso that
> the certificates be filed in the circuit court at least seven days prior
> to the hearing in the circuit court; rather it specifically requires the
> certificate to "*be filed with the clerk of the court hearing the case
> at least seven days prior to the hearing or trial.*"

- 2 -

Allen v. Commonwealth, 3 Va. App. 657, 664, 353 S.E.2d 162, 166 (1987) (quoting Code § 19.2-187).

"'A document is considered filed when delivered to the clerk for filing.'" Waller, 27 Va. App. at 75, 497 S.E.2d at 510 (quoting Rhem v. State, 820 S.W.2d 946, 947 (Tex. Crim. App. 1991)). The notation that a document has been "filed" in a particular court, accompanied by the date and initials of the deputy clerk who filed it, has been held to be sufficient to support a finding that the certificate was filed in that court. Carter v. Commonwealth, 12 Va. App. 156, 158, 403 S.E.3d 360, 361 (1991). However, Code § 19.2-187 "does not prescribe the manner in which a clerk's office must mark such certificates" or whether it must mark them at all. Id. "Although we are required to construe Code § 19.2-187 strictly against the Commonwealth and in favor of the accused, the statute only requires that the certificate be filed." Id. (citation omitted).

Where a certificate is not placed in the file for the offense at issue but is nevertheless filed in the proper court in a timely fashion and in a location "accessible and available to the accused," such as with "another certificate [involving the same defendant] which relate[s] to simultaneously tried offenses, both the letter and spirit of this section [have been] fully satisfied." Harshaw v. Commonwealth, 16 Va. App. 69, 72 & n.2, 427 S.E.2d 733, 735 & n.2 (1993) (noting it did not address "whether the certificate would have been admissible had it been filed in a manner that may have effectively denied defendant those protections assured by the statute"); see also Waller, 27 Va. App. at 76-77, 497 S.E.2d at 510-11 (holding certificate of drug analysis met statute's filing requirements even though filed not under defendant's name but under name of person charged with purchasing drugs from defendant without cross-reference to defendant's file).

Further, the evidence supports a finding that the certificate was contained in the packet of paperwork the circuit court received from the general district court and filed on July 10, 2002, despite the fact that the deputy clerk creating the circuit court file failed to make any notation on the face of the certificate itself. The certificate contained in the circuit court's file clearly noted that it was filed in the district court on May 16, 2002, creating the presumption that it was also contained in the district court record forwarded to the circuit court. Further, Deputy Clerk Jeri Yarnell testified that when she received the packet, all the paperwork was stapled together and that she removed the staple in order to punch holes in the paperwork and insert it in the circuit court file folder. A visual examination of (a) the district court warrant; (b) another certificate of analysis marked filed July 10, 2002, and admitted at trial without objection; and (c) the certificate of analysis the admissibility of which is challenged in this appeal, reveals that all three documents bear identical holes, presumably made by a staple, in their upper left corners. Thus, the trial court was entitled to accept the testimony Deputy Clerk Yarnell gave on direct examination that the subject certificate of analysis was, in fact, part of the paperwork that she received from the district court and filed on July 10, 2002, as explained by her subsequent testimony on cross-examination that she "didn't mark" the certificate filed "because apparently [she] missed it."

Further, even if we were to hold Deputy Clerk Yarnell's testimony--coupled with the district court date stamp, the presence of the certificate in the file, and the existence of identical staple holes in the certificate and other district court documents filed on July 10, 2002--was insufficient to prove timely filing of the certificate in the circuit court, additional evidence supported a conclusion that a second copy of the certificate was, in fact, timely filed in that court. As the Commonwealth argued, a copy of the certificate was stapled to the Commonwealth's response to the circuit court's discovery order. The response stated expressly that, "[p]ursuant to

- 4 -

§19.2-187 of the Code of Virginia, enclosed you will find copies of the Request for Analysis and the Certificate of Analysis the Commonwealth intends to rely on at trial." Although the attached certificate contained no independent stamp indicating filing in the circuit court, the discovery response, which incorporated the certificate by reference and to which the certificate was stapled, was stamped "FILED THIS 6th DAY OF Aug, 2002, . . . CITY OF SUFFOLK CIRCUIT COURT, VIRGINIA," and signed by Deputy Clerk J. Yarnell. Code § 19.2-187(i) contains no requirement that the certificate be accompanied by a particular form or filed in any specific way. Compare Code § 19.2-187(ii) (requiring that request of accused to clerk for copy of certificate "shall be on a form prescribed by the Supreme Court"). Rather, it requires only that the certificate be "filed with the clerk of the court hearing the case at least seven days prior to the hearing or trial."[1] Code § 19.2-187(i).

Because "'[a] document is considered filed when delivered to the clerk for filing,'" Waller, 27 Va. App. at 75, 497 S.E.2d at 510 (quoting Rhem, 820 S.W.2d at 947), and the record supports a finding that the certificate of analysis was delivered to the circuit court for filing, and was in fact filed in the proper file, no later than August 6, 2002, we hold the trial court did not err in admitting the certificate of analysis into evidence at appellant's trial on September 10, 2003.

For these reasons, we hold the evidence supported the trial court's finding that the certificate was filed in the circuit court as required by Code § 19.2-187 and, thus, that it was admissible at trial. Accordingly, we affirm appellant's conviction.

Affirmed.

---

[1] Code § 19.2-187(ii) also requires that "a copy of such certificate [must be] mailed or delivered by the clerk or attorney for the Commonwealth to counsel of record for the accused at least seven days prior to the hearing or trial" but only "upon request made by such counsel to the clerk with notice of the request to the attorney for the Commonwealth." Further, any such request "shall be on a form prescribed by the Supreme Court and filed with the clerk at least ten days prior to trial." The trial record in this case contains no such request. Thus, the filing of the certificate in compliance with Code § 19.2-187(i) was sufficient to permit its admission.