COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Frank and Clements
Argued by teleconference


IRVIN STEVENS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1465-07-2              JUDGE LARRY G. ELDER
                                                    SEPTEMBER 2, 2008

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CAROLINE COUNTY
Horace A. Revercomb, III, Judge

Russell E. Booker, III, for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Robert F. McDonnell, Attorney General, on brief), for appellee.


Irvin Stevens (appellant) appeals from his bench trial conviction for distributing cocaine

in violation of Code § 18.2-248.  On appeal, he contends the trial court erroneously admitted into

evidence a certificate of analysis confirming the substance he distributed on May 19, 2004, was

cocaine because the certificate was improperly filed in a related case charging distribution on

May 20, 2004, and was provided to him in response to his request for a copy of the certificate

relevant to the May 20 offense rather than the May 19 offense.  We hold the admission of the

challenged certificate was not error, and we affirm the conviction.

I.

BACKGROUND

On May 19, 2004, Detective Travis Christian and Corporal Joseph Patterson met with a

confidential informant, searched her, gave her $50, and observed her meet with the appellant

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

outside his residence for the purpose of purchasing crack cocaine. The informant then turned over to Detective Christian an off-white, rock-like substance that they suspected was crack cocaine. Detective Christian put the rock in a plastic bag, which he sealed and labeled with the transaction date, and he then gave the bag to Officer Robert Jones, who transported it to the state laboratory for analysis.

On May 20, 2004, a similar transaction occurred except that the detectives gave the informant $100, and she returned from her meeting with appellant with two rocks of suspected crack cocaine. Again, Detective Christian put the suspected drugs in a plastic bag, which he sealed and labeled with the transaction date, and he turned the bag over to Officer Jones, who transported it to the state laboratory for analysis.

In 2006, appellant was indicted for both offenses, and his attorney filed a timely request for copies of the certificates for the two cases. The clerk's office provided counsel with copies of two certificates. The certificate he received in response to his request for the one relating to the May 19 offense bore FS Lab Number C04-13405. The certificate he received in response to his request for the one relating to the May 20 offense bore FS Lab Number C04-14124.

The May 19 and May 20 offenses were tried together on March 14, 2007. Appellant also was indicted for two other offenses, but appellant was not tried for those in the same proceeding.

The Commonwealth offered testimony about the two controlled purchases that occurred on May 19 and May 20 and chain-of-custody evidence for the rocks of suspected crack cocaine received in those transactions. It then moved to admit into evidence what it averred were the certificates of analysis showing the results from the testing of substances received on each of those two days. The prosecutor offered the certificate bearing lab number C04-13405 into evidence as proof that the substance obtained in the May 19, 2004 transaction was 0.613 gram of cocaine. The trial court observed that the certificate bearing that lab number, C04-13405, was

"in the file with the indictment alleging an offense on May 20th" but that "it really doesn't matter if it was misfiled." The prosecutor then said, "Well, let me just offer both of them in. . . . [O]ne is lab number C04[-]13405 and the other one is [13404]." Appellant's attorney inquired, "What's . . . the other lab report [number], Judge?" The trial court said, "the other one," which was in the file for the May 19, 2004 offense, "is C04-14124," to which appellant's attorney responded, "Yeah, that's . . . what I have[, but] [i]t's not what [the prosecutor] has."

Counsel for appellant stated he would like an opportunity to further *voir dire* Officer Jones, the evidence custodian, before the certificates were admitted because "he didn't think that . . . [their] being in the wrong file is necessarily harmless, given that we're talking about different amounts of money."

Additional examination of Officer Jones confirmed that the certificate bearing FS Lab Number C04-13405, which was filed in the case file for the May 20 offense, related to the May 19 offense and that the certificate for the May 20 offense bore FS Lab Number C04-13404. The certificate for the May 20 offense was not contained in either the May 19 or May 20 file and also was not contained in the files for the other two offenses then pending against appellant but not set for trial in that proceeding. Although the prosecutor produced a copy of the certificate for the May 20 charge indicating it had been filed in the circuit court on January 28, 2005, additional evidence established "[i]t's not in the court's file" and "the defense was not given a copy of it." The trial court ruled that the certificate for the May 20 offense was inadmissible.

As to the certificate for the May 19 offense, FS Lab Number C04-13405, which had been erroneously filed in the May 20 case file, appellant argued it was inadmissible because "the notice [he] was given was that that was for a transaction on a different day," May 20 rather than May 19. The trial court ruled:

> I don't think that would defeat its admissibility. . . . I'm going to overrule the objection with regard to the admissibility of FS Lab

Number C04-13405 . . . [a]s to the case alleging an offense on May the 19th, because that's what the evidence ties that to. . . . And . . . you've acknowledged you received[] that[,] albeit [for] a different case number.

Thereafter, the trial court granted appellant's motion to strike as to the May 20 offense, for which no certificate of analysis was admitted, but convicted appellant for distributing cocaine on May 19, the date for which the improperly filed certificate had been admitted. After sentencing, appellant noted this appeal.

II.

ANALYSIS

On appeal, "we view the evidence in the 'light most favorable' to the Commonwealth." Bolden v. Commonwealth, 49 Va. App. 285, 288, 640 S.E.2d 526, 528 (2007) (quoting Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003)).

Code § 19.2-187 provides in relevant part as follows:

> In any hearing or trial of any criminal offense . . . , a certificate of analysis of a person performing an analysis or examination, performed in [any of the enumerated state or federal laboratories] when such certificate is duly attested by such person, shall be admissible in evidence as evidence of the facts therein stated and the results of the analysis or examination referred to therein, provided the certificate of analysis is filed with the clerk of the court hearing the case at least seven days prior to the hearing or trial.

> A copy of such certificate shall be mailed or delivered by the clerk or attorney for the Commonwealth to counsel of record for the accused at no charge at least seven days prior to the hearing or trial upon request made by such counsel [in the manner prescribed by the statute] . . . . If, upon proper request made by counsel of record for the accused, a copy of such certificate is not mailed or delivered by the clerk or attorney for the Commonwealth to counsel of record for the accused in a timely manner in accordance with this section, the defendant shall be entitled to continue the hearing or trial.

2006 Va. Acts ch. 294.

- 4 -

Under established principles, "the filing requirements of Code § 19.2-187 must 'be strictly construed against the Commonwealth and in favor of the accused,'" Waller v. Commonwealth, 27 Va. App. 71, 76, 497 S.E.2d 508, 510 (1998) (quoting Gray v. Commonwealth, 220 Va. 943, 945, 265 S.E.2d 705, 706 (1980)), because the statute "'deals with criminal matters[] and . . . undertakes to make admissible evidence which otherwise might be subject to a valid hearsay objection,'" Stokes v. Commonwealth, 11 Va. App. 550, 552, 399 S.E.2d 453, 454 (1991) (quoting Gray, 220 Va. at 945, 265 S.E.2d at 706). "We have repeatedly explained that the purpose of the statute 'is to ensure that the certificate to be used in evidence is lodged timely in a secure and appropriate place, accessible to the accused, and available to him on request." Waller, 27 Va. App. at 76, 497 S.E.2d at 510 (quoting Stokes, 11 Va. App. at 552, 399 S.E.2d at 454).

In examining the filing requirement in numerous cases, we have held that the statute "does not require that the certificates must be filed according to any particular system," id. at 77, 497 S.E.2d at 511, as long as the certificate is filed in a way that is "'accessible to the accused, and available to him on request,'" id. at 76, 497 S.E.2d at 510 (quoting Stokes, 11 Va. App. at 552, 399 S.E.2d at 454). In Harshaw v. Commonwealth, 16 Va. App. 69, 427 S.E.2d 733 (1993), for example, the certificate relating to an offense occurring on October 30, 1990, was filed in the clerk's office in a timely fashion, but instead of being placed in the file for the offense to which it pertained, it was "lodged with another certificate which related to simultaneously tried offenses" that occurred two days later, on November 1, 1990. Id. at 72, 427 S.E.2d at 735. On those facts, we held the certificate was "thereafter accessible and available to [the] defendant," thereby satisfying "both the letter and spirit" of the statute. Id.

Similarly in appellant's case, the certificate of analysis for the May 19 offense was lodged in the file for a "simultaneously tried offense[]," id., of a nearly identical nature that was

committed one day later. Thus, the certificate was "accessible and available to [the] defendant," satisfying "both the letter and spirit" of the statute. Id.

Further, in response to appellant's simultaneous request for certificates of analysis pertaining to both those offenses, submitted in compliance with the terms of the second paragraph of the statute, the clerk provided appellant with a copy of the certificate at issue. Although appellant may erroneously have believed, due to the misfiling of the certificate at issue, that it applied to the May 20 offense rather than the May 19 offense, he made no effort to subpoena the preparer of either certificate as he was permitted to do under Code § 19.2-187.1. On brief on appeal, the only prejudice appellant alleges is that the certificate at issue provided the evidence used to convict him. He does not allege that he was prejudiced in any way in the preparation of his case for trial by the improper filing of the certificate. Even if he had alleged such prejudice, the applicable version of the statute expressly provides that the remedy for failure to provide counsel with a requested certificate of analysis "in a timely manner in accordance with [the statute]" is that "the defendant shall be entitled to continue the hearing or trial." 2006 Va. Acts ch. 294. Here, however, appellant sought only to have the evidence excluded and did not request a continuance.

On these facts, we hold the trial court did not err in refusing to exclude the challenged certificate of analysis.

### III.

For these reasons, we hold the admission of the certificate of analysis was not error, and we affirm appellant's conviction.

Affirmed.