## Richmond

RONALD CARTER, a/k/a SNOW

v.

COMMONWEALTH OF VIRGINIA

No. 1930-89-2

Decided March 26, 1991

COUNSEL

Louis A. Rosenstock III, for appellant.

Virginia B. Theisen, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

COLEMAN, J.—Following a bench trial, Ronald Carter was convicted for distribution of cocaine in violation of Code § 18.2-248. On appeal Carter argues that the trial court erred: (1) by admitting into evidence a certificate of analysis despite the Commonwealth's failure to prove compliance with the filing requirement of Code § 19.2-187; and (2) by allowing the clerk of the circuit court to testify about the filing in violation of Code § 19.2-271. We disagree with both arguments and affirm his conviction.

Carter contends that the certificate of analysis was not filed in compliance with the requirement contained in the proviso of Code § 19.2-187, which requires that a certificate be filed "with the clerk of the court hearing the case" at least seven days prior to trial. Carter does not contend that the certificate was not filed with the Clerk of the Petersburg Circuit Court, nor does he raise a question regarding the timeliness of the filing. He contends, instead, that the notation which appears on the certificate is inadequate to establish that it was filed.

The certificate contained the hand written notation, "1988 Feb. 1 (4:40 pm) Filed, E.S.C., Dpty Clk." The certificate contained a separate filing notation from the Petersburg General District Court.[1] The indictment charged that the crime occurred in the

---

[1] While we said in *Allen v. Commonwealth*, 3 Va. App. 657, 353 S.E.2d 162 (1987), that a certificate of analysis filed in district court is no indication it has been filed in the circuit court, *id.* at 664, 353 S.E.2d at 166, in that case there was no other filing notation

City of Petersburg; the arresting officer was from the City of Petersburg.

We hold that the evidence consisting of the notation that the document was filed on a certain date with the initials of the deputy clerk on the face of the certificate was sufficient to support the finding of the trial court that it was filed in compliance with the statute. Code § 19.2-187 does not prescribe the manner in which a clerk's office must mark such certificates. Although we are required to construe Code § 19.2-187 strictly against the Commonwealth and in favor of the accused, *see Gray v. Commonwealth*, 220 Va. 943, 945, 265 S.E.2d 705, 706 (1980), the statute only requires that the certificate be filed. The notation that the document had been "filed" and date and initials of the deputy clerk who filed it were sufficient for the trial court to determine that the certificate had been filed in that court.

We reject Carter's further argument that the initials of the deputy may have been the clerk of a different court. The document was marked "filed" and was lodged in the court file in the court in which the case was heard. The Commonwealth's most compelling evidence which established that the certificate had been filed by a deputy clerk with the Clerk of the Circuit Court hearing the case came from the testimony of the Clerk of the Circuit Court of Petersburg, who testified that the notation was made by a former deputy clerk and that all documents filed in the Circuit Court were similarly marked. Carter argued that the trial court violated Code § 19.2-271 by allowing this testimony over his objection. Code § 19.2-271 is not a blanket prohibition against clerks testifying; it prohibits, instead, clerks testifying regarding factual matters which have come before them in the course of their official duties. *Cf. Baylor v. Commonwealth*, 190 Va. 116, 121, 56 S.E.2d 77, 79 (1949). Code § 19.2-271 does not prevent a clerk from testifying how and whether he has performed a ministerial function. Here, the clerk identified the initials which appeared on the filing notation and, in response to questions posed by Carter, explained the mechanical procedures of his court in marking documents filed. Because the testimony did not go to prove substantive issues involving elements of the case or affirma-

on the certificate. Because there is another notation here, the district court notation was a circumstance which the trial court could consider in determining the meaning of the notation in question.

tive defenses, we conclude that permitting the clerk to testify did not violate Code § 19.2-271. Thus, we hold that the evidence of the clerk was admissible, and, therefore, this evidence also was properly admitted and considered to establish that the certificate had been properly filed. The judgment from the trial court must, therefore, be affirmed.

*Affirmed.*

Barrow, J., and Cole, J., concurred.