# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Matthew Archer

  v.

Glenn D. Fink

July 13, 2001

Case No. (Law) 98-188

BY JUDGE EDWARD L. HOGSHIRE

This letter opinion addresses the issues presented in several pre-trial motions filed by the parties in the above-styled action set for trial on August 2 and 3, 2001. Plaintiff's Motions *in limine*, Defendant's Motions *in limine*,[1] and Plaintiff's Motion to Grant Partial Summary Judgment are all resolved herein. Upon consideration of the arguments advanced at the May 24, 2001, hearing and briefs submitted to the Court, the Motions *in limine* are denied in part and granted in part, the Motion to Grant Partial Summary Judgment is denied, and judgment on the Motion to Strike Defense is withheld until the conclusion of evidence.

---

[1] Defendant's Motion *in limine* concerning out-of-pocket monetary damages evidence, filed on July 9, 2001, is reserved for trial.

*I. Plaintiff's Motions in Limine*

A. *Testimony of the Magistrate and Defendant*

Plaintiff asked that this Court prohibit the defendant from testifying about his statements to the magistrate when the warrant was issued. Plaintiff bases this request on Virginia Code § 19.2-271 which reads in pertinent part, "No ... magistrate ... shall be competent to testify in any ... civil proceeding ... as to any matter which came before him in the course of his official duties." Plaintiff urges that this prohibition disallows the testimony of the magistrate concerning the issuance of the warrant and in turn denies Plaintiff the opportunity to impeach Defendant's testimony concerning that issuance. Defendant counters that impeachment is not an absolute right and that the testimony can be impeached through other methods. Upon due consideration, this Court will permit Defendant's testimony, subject to hearsay and relevancy objections. The Motion *in limine* is therefore granted in part and denied in part.

Plaintiff also asked this Court to allow the magistrate who issued the instant warrant to testify about the general facts surrounding the office of magistrate and her qualifications. In addition, the Defendant, who has no objection to the testimony, desires to use the fact that the magistrate has a law degree and ample experience in her position in two ways. (1) Based on the arguments in Defendant's Response to Plaintiff's Motion *in limine*, Defendant desires to use the Magistrate's law degree as a basis for an advice of counsel defense. Since this defense has not been pleaded, it will not be considered. (2) The Magistrate's law degree and experience might bolster the reasonableness of Defendant's actions by lending not only her magistrate skills but also her legal training to the issuance of the arrest warrant. Virginia Code § 19.2-271 allows such testimony because it does not concern a matter which came before her in the course of her official duties. The only applicable authority which construes the meaning of the prohibition, *Carter v. Commonwealth,* also lends support for admitting the testimony: "Code § 19.2-271 is not a blanket prohibition against clerks testifying; it prohibits, instead, clerks testifying regarding factual matters which have come before them in the course of their official duties." 12 Va. App. 156, 158-59 (1991). Thus, the Magistrate's testimony about her general qualifications and duties does not violate Virginia Code § 19.2-271.

Even though this testimony is theoretically admissible, it appears to be irrelevant to the issue at hand. No more weight can be placed upon the validity of a Magistrate's probable cause determination because he or she attended law

school or has extensive experience in the position. Virginia Code § 19.2-38.1 enumerates the training standards and prerequisites of magistrates which, once fulfilled, equip the individual with the skills needed to issue arrest warrants. The Defendant is not entitled to place more reliance on the warrants of one magistrate over those of another because of additional education or job experience. Nor is the jury. Thus, absent further showing of relevance, the Court denies Plaintiff's Motion *in limine* and will exclude testimony of the magistrate.

## B. *Testimony of Deputy Sheriff Chan Gianniny*

Albemarle County Deputy Sheriff Chan Gianniny is expected to testify that she told the defendant hours before the arrest on October 20, 1997, that she had a recent incident in which she charged a man with driving a moped on a suspended license and he was convicted of this in General District Court in July 1997. This testimony would be used to establish Defendant's reasonable belief in the existence of probable cause to effect the arrest warrant.

Plaintiff asks this Court to exclude Gianniny's additional testimony that the conviction was affirmed in May 1998 by the Albemarle County Circuit Court because it is irrelevant. Plaintiff urges that Gianniny's testimony should be limited to knowledge which she shared with Defendant on October 20, 1997. Conversely, Defendant asks this Court to admit Gianniny's additional testimony because it is relevant to the reasonableness of Defendant's actions. Essentially, Defendant argues that the fact that two judges ruled that driving a moped with a suspended license is a crime in Virginia demonstrates that Defendant acted reasonably and without malice.

The facts and circumstances known to the Defendant on October 20, 1997, can only include events which occurred on or before October 20, 1997. Appellate affirmation occurring after October 20, 1997, is therefore irrelevant to the good faith of the Defendant when seeking this arrest warrant. The Motion *in limine* is granted.

## C. *Statutory Provisions*

Plaintiff asks that this Court take judicial notice of three Virginia Code sections and summaries of them. Neither party has objection to these statutes coming before the jury. However, Defendant objects to Plaintiff's summarization of these statutes, based on interpretation rather than interpretative error. The Court will take judicial notice of the entire language

of Virginia Code §§ 46.2-301, 46.2-100, and 18.2-272 but not the proffered summaries. The Motion *in limine* is therefore granted in part and denied in part.

## D. *Loss of License*

Defendant is anticipated to testify that Plaintiff lost his license prior to October 20, 1997, for driving under the influence, possession of marijuana, and/or speeding 113 m.p.h. Plaintiff moves this Court to exclude this testimony because it is irrelevant to this case and/or its probative value is outweighed by its prejudicial effect.

Although Defendant stipulates that the speeding is not relevant to this cause of action, he maintains that the driving under the influence and possession charges are relevant. Defendant argues that because the Plaintiff's license was suspended for "serious" rather than "run-of-the-mill" reasons, it helps to justify Defendant's actions on October 20, 1997. As an example of a "run of the mill" reason, Defendant points to failure to pay fines.

The seriousness of these prior offenses could reasonably be believed to create in Defendant a sense of urgency to apprehend the Plaintiff. This desire to keep the streets safe from Plaintiff and his moped may have fueled the midnight arrest. "Evidence is relevant in the trial of a case if it has any tendency to establish a fact which is properly at issue." *Wise v. Commonwealth*, 6 Va. App. 178, 187 (1988). Because the state of mind of the Defendant is at issue in this case, the Court finds that this testimony is relevant.

Nonetheless, the value of this testimony must be weighed against its prejudicial effect. Defendant's credibility may be hurt by the jury's knowledge that he speeds, possesses marijuana, and drinks and drives. However, this is not a criminal action in which Plaintiff is on trial and his past criminal acts should be hidden from the jury to ensure that they do not color their impression of him. This is a malicious prosecution action in which the actions of the Defendant will be considered by the jury. Any prejudicial effect on the plaintiff is outweighed by the value inherent in allowing the jury to weigh this evidence when considering the motivation of the Defendant. Therefore, the Motion *in limine* is denied.

## E. *Adversity of Albemarle County Police Officers*

Plaintiff also asks that all Albemarle County police officers who are called to testify be treated as adverse witnesses. To substantiate their adversity,

Plaintiff notes that these witnesses brought a lawyer with them to depositions who made objections and negotiated the wording of the Consent Protective Order. Defendant asks that this Court not consider these officers adverse until they prove to be hostile at trial. Determination of the adversity of these witnesses is within the discretion of the trial court. *Weller v. Commonwealth*, 16 Va. App. 886, 892 (1993) (citing, 81 Am. Jur. 2d, *Witnesses*, § 808 (1992)).

Virginia Code § 8.01-401(A) states that "[a] party called to testify for another, having an adverse interest, may be examined by such other party according to the rules applicable to cross-examination." *Butler v. Parrocha* defined persons having an adverse interest as, "a person, though not a party, who had a financial or other personal interest in the outcome." 186 Va. 426, 431 (1947). The mere fact that there is an employment relationship between police officers and the Defendant does not make them adverse *per se*. *Id.* at 432. Thus, whether any witnesses shall be deemed adverse is an issue that must determined at trial. This Court denies the Motion *in limine* to consider all of the testifying Albemarle County police officers adverse.

## F. *Mother-Beater Accusation*

Both parties stipulate that the hearsay accusation that Plaintiff is a "mother-beater" is not admissible. This Court agrees. Therefore, the Motion *in limine* is granted.

## G. *Collateral Source Rule*

Plaintiff asks that this Court prohibit evidence that bills which he incurred as a result of this incident were paid by Plaintiff's father. Defendant contends that the collateral source rule is inapplicable to the instant case because there is no contractual relationship between Plaintiff and his father, as he gratuitously paid these bills.

In Virginia, the collateral source rule is explained as:

[D]amages, recoverable for personal injuries inflicted through the negligence of another are not to be reduced by reason of the fact that the injured party had been partly compensated for his loss by insurance which he has procured and for which he has paid. The reason for this rule is that the defendant, who by his negligence, has injured another, owes to such other compensation for the injuries he

has inflicted and the payment for those injuries from a collateral source cannot relieve the defendant of his obligation.

*Acuar v. Letourneau*, 260 Va. 180, 189 (2000).

Utilizing the collateral source rule in the instant situation would be erroneous. There is no contractual relationship between Plaintiff and his father as contemplated by the rule. An insurance contract did not compel Plaintiff's father to pay for the damages, rather it was the familial relationship that brought about these gratuitous payments. Therefore the Court will not apply the collateral source rule to bar testimony concerning the third-party payment of Plaintiff's expenses and the Motion *in limine* is denied.

## II. *Defendant's Motions in Limine*

### A. *Wingfield Shooting*

Defendant has asked the Court to exclude Albemarle County police officers' testimony that the Defendant shot and killed William Wingfield, Jr., in the line of duty on January 23, 2001. An investigation by the Albemarle County Commonwealth's Attorney revealed no fault on the part of Defendant in this incident, nor are there any charges or complaints lodged against Defendant.

Defendant urges that this testimony should be excluded because it is irrelevant to any issue in the case and its probative value is outweighed by its prejudicial effect. Plaintiff failed to respond to the motion.

The *Wise* standard is again helpful for determining the relevance of this evidence: "Evidence is relevant in the trial of a case if it has any tendency to establish a fact which is properly at issue." 6 Va. App. 178, 187 (1988). The value of this information in establishing a pattern of conduct on the part of the Defendant is negligible considering that the shooting was determined to be without fault. The Court finds that this incident, which occurred three years after the disputes involved herein, is not relevant to the malicious prosecution. Furthermore, the prejudicial effects of this incident on the Defendant are significant and thus outweigh it. Therefore, the Motion *in limine* is granted.

### B. *Dismissal of the Charges against Plaintiff*

Defendant has also moved that the Court prohibit evidence that the Albemarle County General District Court dismissed the charges against Plaintiff. Defendant urges that evidence on this issue should be limited to

showing that the criminal charges against Archer ended. Plaintiff failed to respond to the motion. However, one of the four elements of a malicious prosecution action is that the proceedings ended *favorably* to the plaintiff. It is therefore permissible for the plaintiff to introduce evidence that the proceedings ended and the manner in which they ended. The Motion *in limine* is denied.

### III. *Plaintiff's Motion to Strike Defense*

Plaintiff asks this Court to strike the defendant's affirmative defense and rule that he may not assert that Virginia Code § 18.2-272 gave rise to probable cause. This Code provision reads:

> If any person so convicted shall, during the time for which he is deprived of his right so to do, drive or operate any motor vehicle, engine, or train in this Commonwealth, he shall be guilty of a Class 1 misdemeanor. Nothing in this section or §§ 18.2-266, 18.2-270, or § 18.2-271, shall be construed as conflicting with or repealing any ordinance or resolution of any city, town, or county which restricts still further the right of such persons to drive or operate any such vehicle or conveyance.

According to the Plaintiff, Defendant will assert that although he did not charge Plaintiff with a violation of Virginia Code § 18.2-272, he could have charged him with a violation of such a law and therefore probable cause existed for the arrest. Plaintiff does not concede that he would have been properly charged under this law, but he does note that another similarly-situated moped driver was arrested by the Defendant and convicted in 1994 under the provision. Plaintiff urges that this Court should prevent Defendant from asserting that Virginia Code § 18.2-272 motivated the arrest because it did not contribute to his state of mind on October 20, 1997, as evidenced by the fact that Plaintiff was not charged with such a violation. Plaintiff further moves that any evidence regarding Virginia Code § 18.2-272 should be prohibited.

Defendant opposes striking this defense and prohibiting evidence of Virginia Code § 18.2-272 because the 1994 conviction is relevant to the reasonableness of his behavior on October 20, 1997. Defendant asserts that Plaintiff violated Virginia Code § 18.2-272 but was not charged with the offense because the Commonwealth's Attorney's Office concluded that this would constitute double jeopardy.

Upon due consideration, the Court declines to decide on this matter until the issues are more fully developed upon conclusion of the evidence.

## IV. *Plaintiff's Motion to Grant Partial Summary Judgment*

The Plaintiff urges the Court to grant partial summary judgment on the probable cause element of the malicious prosecution claim. Probable cause as used in a case for malicious prosecution means:

> The probable cause which is an absolute bar to an action for malicious prosecution is knowledge by or information communicated to the prosecutor of such a state of facts and circumstances as would excite the belief in the mind of an ordinarily prudent man that the plaintiff is guilty of the crime with which he is charged, and has produced such belief in the mind of the prosecutor at the time he institutes the prosecution. But it is to be observed, if the prosecutor relies upon information communicated to him, it must be such information as an ordinarily prudent man, under the facts and circumstances then known to the prosecutor, would be reasonably warranted in relying upon.

*Freezer v. Miller*, 163 Va. 180, 202 (1934). Thus, the proper analysis considers what knowledge was possessed by or information communicated to Defendant and whether these facts would excite a belief in an ordinary prudent person that the Plaintiff was guilty of the crime with which he was charged.

However, it is "[o]nly where the facts relating to probable cause are not in dispute in a malicious prosecution action [that] the issue becomes a question of law for the court; and when such facts are in dispute, the issue is one of fact to be resolved by the triers of fact." *Lee v. Southland Corp.*, 219 Va. 23, 27 (1978) (citing, *Brodie v. Huck*, 187 Va. 485, 488 (1948), and *Virginia Elec. & P. Co. v. Wynne*, 149 Va. 882, 892 (1928)). Defendant utilized several pieces of information in making his determination that the Defendant was "guilty of the crime with which he was charged." *Freezer*, 163 Va. 180, 202 (1934). Undisputed is that Defendant (1) examined a three year old Code book wherein he found an outdated Virginia Code § 46.2-301, which noted *Diggs v. Commonwealth*, 6 Va. App. 300 (1988), as support for the arrest, (2) swore under oath to a magistrate who issued an arrest warrant based on the events, and (3) consulted with a fellow officer who reported the recent conviction of another individual for the same situation. However, whether or not Defendant recalled or was influenced by the 1994 arrest and

successful conviction of the same circumstances under Virginia Code § 18.2-272 is in dispute with the prospect that some of the facts will be based on assessments of the credibility of the witnesses. Because there exists some factual disputes, however minimal, summary judgment is not proper and the motion is therefore denied.

*Conclusion*

Based on the foregoing, the Court grants in part and denies in part Plaintiff's Motion *in limine*, grants in part and denies in part Defendant's Motion *in limine*, withholds judgment on Plaintiff's Motion to Strike Defense and accompanying Motion *in limine*, and denies Plaintiff's Motion for Summary Judgment.