COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Humphreys
Argued at Alexandria, Virginia


BRADFORD W. CEPHAS, JR.

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 3359-01-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                         MARCH 4, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                Frank A. Hoss, Jr., Judge Designate

          Joseph R. Winston, Special Appellate Counsel
          (Public Defender Commission, on briefs), for
          appellant.

          Amy L. Marshall, Assistant Attorney General
          (Jerry W. Kilgore, Attorney General, on
          brief), for appellee.


     In a bench trial, the trial court convicted Bradford W.

Cephas, Jr. (appellant) of driving under the influence (DUI)

(third offense) and driving after having been declared an habitual

offender (second offense).[1]  Appellant contends that the trial

court erred in admitting the breath test certificate of analysis.[2]

For the reasons that follow, we affirm.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] Appellant challenges only the DUI conviction on appeal.

     [2] Appellant also contends that the evidence, without the
improperly admitted certificate of analysis, was insufficient to
support his DUI conviction.  Because we hold that the certificate
of analysis was properly admitted, we do not address this issue.

I.

On the evening of February 10, 2001 Sergeant George Southard (Southard) of the Warrenton Police Department arrested appellant for DUI. Southard took appellant to the magistrate's office, where appellant elected to take a breath test that reflected a blood alcohol content of 0.15.

A certificate of analysis (certificate) for the breath test was filed in the general district court prior to appellant's preliminary hearing.[3] The general district court certified appellant to the circuit court grand jury on April 12, 2001 and ordered that all the original papers in the case be forwarded to the Clerk of the Circuit Court. This order was stamped "filed" in the circuit court on April 13, 2001. None of the other papers forwarded to the circuit court were stamped "filed" in the circuit court.[4] Appellant was tried in a bench trial on August 16, 2001. At trial, appellant objected to admission of the certificate of analysis on the basis that the Commonwealth failed to file the certificate in the circuit court seven days prior to trial as required by Code § 19.2-187.

---

[3] The record does not reveal whether appellant requested and was mailed a copy of the certificate and that issue is not before us.

[4] The record reflects that pages 1-17 arrived as a group from the general district court. The next page, page 18, begins with documents that originated in the trial court.

-

The trial court, after reviewing the court file, overruled appellant's objection, finding that the certificate was "filed" along with all of the papers from the district court with the Clerk of the Circuit Court on April 13, 2001. Appellant was convicted of DUI (third offense) and driving after having been declared an habitual offender (second offense).

II.

Appellant contends that the trial court erred in admitting the certificate of analysis into evidence because the Commonwealth did not prove the certificate was filed seven days prior to trial with the Clerk of the Circuit Court as required by Code § 19.2-187. The record shows otherwise.

"Generally, a court has discretion to determine whether evidence is admissible." Waller v. Commonwealth, 27 Va. App. 71, 74, 497 S.E.2d 508, 509 (1998). Nevertheless, "[a] certificate of analysis is not admissible if the Commonwealth fails strictly to comply with the provisions of Code § 19.2-187." Woodward v. Commonwealth, 16 Va. App. 672, 674, 432 S.E.2d 510, 512 (1993). Code § 19.2-187 provides:

> In any hearing or trial of any criminal
> offense . . . a certificate of analysis of a
> person performing an analysis or
> examination, performed in any laboratory
> operated by the Division of Consolidated
> Laboratory Services or the Division of
> Forensic Science or authorized by such
> Division to conduct such analysis or
> examination, . . . when such certificate is
> duly attested by such person, shall be
> admissible in evidence as evidence of the

-

> facts therein stated and the results of the
> analysis or examination referred to therein,
> provided (i) the certificate of analysis is
> filed with the clerk of the court hearing
> the case at least seven days prior to the
> hearing or trial and (ii) a copy of such
> certificate is mailed or delivered by the
> clerk or attorney for the Commonwealth to
> counsel of record for the accused at least
> seven days prior to the hearing or trial
> upon request made by such counsel to the
> clerk with notice of the request to the
> attorney for the Commonwealth.

"The purpose of the [statute] is plain. It is to ensure that the certificate to be used in evidence is lodged timely in a secure and appropriate place, accessible to the accused, and available to him upon request." Stokes v. Commonwealth, 11 Va. App. 550, 552, 399 S.E.2d 453, 454 (1991). "This statute 'sets forth a specific statement of admissibility of certificates' and once its 'provisos are satisfied, the statement . . . is complete, and a certificate thus qualified is properly received into evidence.'" Harshaw v. Commonwealth, 16 Va. App. 69, 71, 427 S.E.2d 733, 735 (1993) (quoting Stokes, 11 Va. App. at 552, 399 S.E.2d at 454).

Appellant relies upon Allen v. Commonwealth, 3 Va. App. 657, 353 S.E.2d 162 (1987), to support his contention that the certificate was erroneously admitted into evidence. In Allen, we held that

> [t]he statute does not authorize filing in
> the general district court as a substitute
> for the proviso that the certificates be
> filed in the circuit court at least seven
> days prior to the hearing in the circuit

-

> court; rather it specifically requires the
> certificate to <u>be filed with the clerk of
> the court hearing the case at least seven
> days prior to the hearing or trial</u>.

<u>Id.</u> at 664, 353 S.E.2d at 166 (emphasis in original).  The

instant case, however, is factually distinguishable from <u>Allen</u>.[5]

In <u>Allen</u>, we noted that "[n]othing in the record

indicate[d] when the certificates were filed in the circuit

court clerk's office."  <u>Id.</u>  There was no date stamp on the

documents.  This omission prevented the certificates from being

used against Allen because there was no way to determine

compliance with the statute.  In the instant case, the trial

court reviewed the court file and found "the file shows that the

<u>papers</u> from the general district court were <u>filed</u> on 13 April

2001.  That's a stamp from Gail H. Barb, Clerk of this Court."

(Emphasis added).  The papers, including the certificate, were

filed as a group.  While appellant correctly points out that the

certificate itself is not stamped "filed," we note that the

order of the general district court transferring the case to the

trial court, ordered that "The original of this order is to be

forwarded to the Clerk of the Circuit Court <u>with all papers in</u>

---

[5] We note also that the rule is that "in the absence of the preparer of the certificate <u>as a witness at trial</u>, the failure of the Commonwealth fully to comply with the filing provisions of § 19.2-187 renders the certificate inadmissible."  <u>Gray v. Commonwealth</u>, 220 Va. 943, 945, 265 S.E.2d 705, 706 (1980) (emphasis added).  This rule is not implicated here, however, because Southard prepared the certificate and testified at trial.

-

this case," was stamped "filed" on April 13, 2001. (Emphasis added).

"In the absence of clear evidence to the contrary, courts may presume that public officers have properly discharged their official duties." Robertson v. Commonwealth, 12 Va. App. 854, 856-57, 406 S.E.2d 417, 418 (1991). Thus, here there is a presumption that the clerk of the general district court complied with that court's order to transfer all the papers in the case to the trial court. Furthermore, when the order arrived in the circuit court clerk's office and was stamped as "filed" it was accompanied by the other papers in the case, including the certificate, all of which were "filed" when the order was filed with the Clerk of the Circuit Court. "Code § 19.2-187 does not prescribe the manner in which a clerk's office must mark such certificates." Carter v. Commonwealth, 12 Va. App. 156, 158, 403 S.E.2d 360, 361 (1991). Accordingly, if there is an objective basis in the record from which the fact finder can determine if and when the certificate was filed in the court, Code § 19.2-187 is satisfied. Credible evidence supports the trial court's finding.

Affirmed.

-