COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Clements and Haley
Argued at Chesapeake, Virginia


CALVIN JOJUAN BELL
                                                              OPINION BY
v.        Record No. 2941-04-1                        JUDGE LARRY G. ELDER
                                                            DECEMBER 6, 2005
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                          Johnny E. Morrison, Judge

          S. Jane Chittom, Appellate Defender (Virginia Indigent Defense
          Commission, on brief), for appellant.

          Rosemary V. Bourne, Assistant Attorney General (Judith Williams
          Jagdmann, Attorney General; Denise C. Anderson, Assistant
          Attorney General, on brief), for appellee.


        Calvin Jojuan Bell (appellant) appeals from his bench trial convictions for possession of

marijuana and possession of cocaine with intent to distribute, his third such offense.  On appeal,

he contends the trial court erred in admitting the certificate of analysis establishing the

substances were marijuana and cocaine because his attorney requested the certificate in the

manner provided for in Code § 19.2-187 and the evidence failed to show "a copy of such

certificate was mailed or delivered to counsel of record for the accused at least seven days prior

to the hearing or trial upon request made by such counsel."  We hold the evidence fails to

support the trial court's finding that the certificate was provided to counsel of record in the

manner required by the statute and, thus, that the admission of the certificate was error.  Because

we cannot conclude the erroneous admission of the certificate was harmless, we reverse the

convictions and remand for further proceedings consistent with this opinion if the

Commonwealth be so advised.

I.

BACKGROUND

On November 4, 2003, Portsmouth Police Officer Kevin Parker was on routine patrol in a marked police car when he observed a vehicle turn left without yielding to oncoming traffic. The vehicle's movement caused an oncoming car "to slam on brakes." Officer Parker activated his emergency equipment and attempted to make a traffic stop. Instead of slowing or stopping, the vehicle attempted to elude Officer Parker, driving approximately 60 miles per hour in a 25-mile-per-hour residential zone. After a four-minute chase, in which several other police cars joined, the subject vehicle came to a stop in the parking lot of an apartment complex. Appellant exited the car and attempted to flee but was apprehended by other officers. The officers arrested appellant, and in a search of the jacket he was wearing, made incident to arrest, they found two bags suspected to contain marijuana and crack cocaine. From the vehicle's ashtray, an officer recovered a partially smoked cigar, which he believed contained marijuana.

Appellant was arrested on warrants for possessing marijuana with intent to distribute and possessing cocaine with intent to distribute.[1] The bags of suspected contraband were sent to the Division of Forensic Science for testing. The Division determined the bags contained 17.8 grams of marijuana and 11.498 grams of cocaine. It issued a certificate of analysis containing that information dated November 13, 2003.

On November 25, 2003, an assistant Commonwealth's attorney submitted to the court for filing a copy of the certificate of analysis. Also on that date, the Commonwealth hand-delivered a copy of the certificate of analysis to John H. Underwood, the Public Defender, who was counsel of record for appellant. On December 1, 2003, the district court entered an order

_____

[1] Appellant also was charged with and convicted for attempting to elude and assault and battery on a law enforcement officer. He does not challenge those convictions in this appeal.

- 2 -

relieving Assistant Public Defender Ann Johns as counsel for appellant and substituting attorney Kenneth L. Melvin as retained counsel. On December 15, 2003, the Commonwealth filed in the district court its response to appellant's district court discovery request. The response included a copy of the certificate of analysis.

Appellant apparently failed to appear on the next scheduled date but was eventually arrested. In district court on June 8, 2004, while still represented by Mr. Melvin, appellant waived his right to a preliminary hearing on the charge for possessing cocaine with intent to distribute. Mr. Melvin also represented appellant on the marijuana charge. The district court reduced the marijuana charge to simple possession and found appellant guilty of that offense. Appellant noted an appeal of the misdemeanor marijuana conviction on that same date.

After waiving his preliminary hearing on the cocaine charge, appellant was indicted for that offense on July 1, 2004. Trial on the cocaine indictment and the misdemeanor marijuana appeal was set for October 5, 2004. Appellant was represented in the circuit court by Assistant Public Defender Amarnath H. Meda. On August 12, 2004, Mr. Meda filed in the circuit court a "Request for Copy of Certificate of Analysis" form and certified that a copy of the request was mailed or delivered to the Commonwealth's Attorney on that same date.

On September 29, 2004, six days prior to trial, the clerk's office delivered to Mr. Meda a copy of the certificate of analysis, which his office stamped "Received" as of that same date. On October 1, 2004, four days prior to trial, Assistant Commonwealth's Attorney Andrew Robbins delivered to Mr. Meda a copy of the certificate as part of his response to appellant's request for discovery.

At trial, the Commonwealth offered the cocaine and marijuana into evidence without objection from appellant. When the Commonwealth offered the certificate of analysis into evidence, however, appellant's attorney objected on the ground that the certificate was not

provided to him by the clerk or the Commonwealth at least seven days prior to trial as required by Code § 19.2-187. The court denied the motion.

When the Commonwealth rested, appellant moved to strike on the ground that the certificate was improperly admitted and that, without it, the evidence was insufficient to prove the substances seized were narcotics. The trial court denied the motion.

Appellant testified in his own behalf. He said he fled from the police because he had no driver's license and was on probation. When asked if he denied having "these items" in his pocket, appellant responded, "It was in my jacket." The prosecutor said, "You had the crack and the marijuana in your jacket and the money in your pants pocket[,] right?" Appellant responded, "Yeah." A short time later, however, he testified that the jacket was in the car and that it did not belong to him. When the prosecutor asked, "But you knew the drugs were in it?" appellant responded, "I don't know. It's the man whoever car [sic] it was."

Appellant's counsel then rested, renewed his previous motions to strike and said he would like to make "some additional argument." Before hearing the additional argument, the court said it would like to "get[] back to [appellant's] original motion." The court inquired whether appellant's counsel, Mr. Meda, had "review[ed] . . . both files" and asked whether Mr. Meda knew the Public Defender's Office had been involved in the case at the district court level. Mr. Meda said he had not reviewed the file "this morning." He also said, "We were not involved in the case at the District Court level, Your Honor," but then said, "I know that we did not conduct a preliminary hearing. I can't say whether or not we were" involved in any other way at the district court level.

The trial court then consulted "the file," which it said indicated the Public Defender's Office was appointed to represent appellant at his arraignment in district court on November 5, 2003. The trial court also noted the district court order that relieved Assistant Public Defender

- 4 -

Ann Johns as counsel and substituted Mr. Melvin.  The trial court then inquired whether Mr. Meda "receive[d] a copy of everything that Mr. Melvin received," including discovery.  Mr. Meda said that he did not receive a copy of it.  The trial court said, "You didn't?  You didn't ask for it?," and Mr. Meda responded, "No, sir.  I only file for discovery in Circuit Court."

The trial court then detailed the numerous filings contained in the district court record and asked, "[I]f you look at the file, you would have seen that, you know, your office did get this certificate at the District Court level[,] right?" to which Mr. Meda responded, "Yes, sir."  The court then explained:

> And that's why I made my ruling; you had it.  You got out of the case.  Mr. Melvin got in the case, then your client didn't show up for some reason; then, when he was arrested, then you got back into the case, and there is a history.  There's more history to this case than maybe what you're aware of. . . .  That's why I made the ruling and denied your motion to exclude that certificate. . . .  I wanted the record to also reflect what's in these files and the whole history of the case.

Mr. Meda responded,

> I know the court's made its ruling, but just for the record, . . . it was just my point that I think that the statute requires that once we're in Circuit Court, that the set of procedures have to be followed in terms of the filing of notice, irregardless [sic] of the fact that the Commonwealth complied with those provisions in General District Court level; . . . we're at a different stage and a different court . . . .

At the conclusion of trial, the court convicted appellant of the charged offenses, and appellant noted this appeal.

II.

ANALYSIS

"Generally, a court has discretion to determine whether evidence is admissible."  Waller v. Commonwealth, 27 Va. App. 71, 74, 497 S.E.2d 508, 509 (1998).  Nevertheless, "[a] certificate of analysis is not admissible if the Commonwealth fails strictly to comply with the

provisions of Code § 19.2-187." Woodward v. Commonwealth, 16 Va. App. 672, 674, 432

S.E.2d 510, 512 (1993). "When the Commonwealth seeks to admit a certificate of analysis

containing hearsay evidence, it has the burden of proving that the certificate satisfies the

requirements of Code § 19.2-187 . . . ." Taylor v. Commonwealth, 28 Va. App. 1, 7, 502 S.E.2d

113, 115 (1998) (en banc).

Code § 19.2-187 provides in relevant part as follows:

> In any hearing or trial of any criminal offense . . . , a certificate of
> analysis of a person performing an analysis or examination,
> performed in any laboratory operated by the Division of
> Consolidated Laboratory Services or the Division of Forensic
> Science[,] . . . when such certificate is duly attested by such
> person, shall be admissible in evidence as evidence of the facts
> therein stated and the results of the analysis or examination
> referred to therein, provided (i) the certificate of analysis is filed
> with the clerk of the court hearing the case at least seven days prior
> to the hearing or trial and (ii) a copy of such certificate is mailed or
> delivered by the clerk or attorney for the Commonwealth to
> counsel of record for the accused at least seven days prior to the
> hearing or trial upon request made by such counsel to the clerk
> with notice of the request to the attorney for the Commonwealth.
> The request to the clerk shall be on a form prescribed by the
> Supreme Court and filed with the clerk at least ten days prior to
> trial.

2002 Va. Acts, ch. 832.[2]

This statute "imposes a condition for the exoneration of an otherwise hearsay document

from the application of the hearsay rule, thus making that document admissible." Basfield v.

Commonwealth, 11 Va. App. 122, 124, 398 S.E.2d 80, 81 (1990). "The purpose of the [statute]

is plain. It is to ensure that the certificate to be used in evidence is lodged timely in a secure and

appropriate place, accessible to the accused, *and available to him upon request*." Stokes v.

Commonwealth, 11 Va. App. 550, 552, 399 S.E.2d 453, 454 (1991) (emphasis added).

---

[2] This is the version of Code § 19.2-187 (2000 Repl. Vol. & 2002 Cum. Supp.) in effect
at the time of appellant's trial. The General Assembly made minor, non-substantive changes to
Code § 19.2-187 in 2005. See 2005 Va. Acts, chs. 868, 881.

Because this statute "deals with criminal matters, and it undertakes to make admissible evidence which otherwise" might be objectionable, it "should be construed strictly against the Commonwealth and in favor of the accused." Gray v. Commonwealth, 220 Va. 943, 945, 265 S.E.2d 705, 706 (1980) (construing former version of statute that contained only mailing requirement). "*Prejudice to the defendant from a failure to comply need not be shown.*" Woodward, 16 Va. App. at 674, 432 S.E.2d at 512 (emphasis added) (noting harmless error analysis could be applied to affirm conviction only because record contained other evidence proving that defendant possessed cocaine--evidence that was "unaffected by the erroneously admitted certificate of analysis"). "The issue is not whether the defendant or his counsel received notice of the content of the certificate, but whether the statutory prerequisites had been satisfied for admitting into evidence a document that otherwise would be inadmissible hearsay." Mullins v. Commonwealth, 12 Va. App. 372, 374, 404 S.E.2d 237, 239 (1991).

The Virginia Supreme Court applied these principles in 1980 in Gray, under a version of Code § 19.2-187 that contained only a filing requirement and stated that a certificate of analysis was admissible "'provided . . . [it was] filed with the clerk of the court hearing the case at least seven days prior to the hearing or trial.'" 220 Va. at 944, 265 S.E.2d at 705 (quoting former Code § 19.2-187 (1975 Repl. Vol. & 1976 Cum. Supp.)). Applying the rule of strict construction set out above, the Supreme Court held as follows:

> The statute does not provide that it shall suffice if, in lieu of filing with the clerk, a copy of the certificate is furnished to defense counsel in advance of trial; neither does the statute provide that filing with the clerk three, rather than seven, days prior to trial shall be sufficient unless the accused can show prejudice resulting from the failure earlier to file the certificate. For this court to read these provisions into § 19.2-187 would be to construe the statute strictly against the accused and in favor of the Commonwealth, a result clearly contrary to the applicable rule of construction.

Id. at 945-46, 265 S.E.2d at 706.

We applied these principles in <u>Mullins</u>, 12 Va. App. at 374, 404 S.E.2d at 238, under a version of Code § 19.2-187 that took effect in 1984. We held that, as with the filing condition addressed in <u>Gray</u>, "the mailing condition also must be strictly construed against the Commonwealth." <u>Mullins</u>, 12 Va. App. at 374, 404 S.E.2d at 238. The mailing provision of the version of Code § 19.2-187 at issue in <u>Mullins</u> required that a copy of the certificate had to be "'mailed or delivered *by the clerk* . . . to counsel of record for the accused at least seven days prior to the hearing or trial upon request of such counsel'" and gave no indication, as the present statute does, that the Commonwealth's attorney was permitted to satisfy such a request. <u>Id.</u> (quoting former Code § 19.2-187 (1983 Repl. Vol. & 1984 Cum. Supp.)) (emphasis added). In <u>Mullins</u>, although the clerk did not provide the defendant with a copy of the certificate of analysis, it was undisputed that the defendant's attorney received a copy from the Commonwealth's attorney in response to a discovery motion. <u>Id.</u> We held "the version of Code § 19.2-187 in effect at the time of Mullins' trial mandated that when defense counsel made such a request, mailing or delivery *by the clerk* became a statutory prerequisite to be satisfied before admitting the certificate into evidence." <u>Id.</u> at 375, 404 S.E.2d at 239 (emphasis added).

We noted in *dicta* in <u>Mullins</u> that subsequent amendments to Code § 19.2-187, which took effect in 1988, permitted *either* the clerk *or* the Commonwealth's attorney to satisfy the mailing requirement and said that, under the amended statute, receipt of the certificate from the Commonwealth's attorney in response to a discovery request would fulfill the mailing requirement. <u>Id.</u> at 375 n.2, 404 S.E.2d at 239 n.2; <u>see</u> Code § 19.2-187 (1983 Repl. Vol. & 1988 Cum. Supp.). However, that statement in <u>Mullins</u>, in addition to being *dicta*, clearly contemplated the provision of the certificate in the circuit court in response to a request made to the clerk by defendant's counsel in that same court; the statement did not address whether a certificate provided in district court upon request or as part of discovery in that court would

- 8 -

satisfy a request for the certificate later made to the clerk of the circuit court. For the reasons that follow, we hold that a proper request for a certificate made to the clerk of the circuit court may be satisfied only by the clerk's or Commonwealth's attorney's provision of the certificate during the pendency of proceedings in the circuit court.

In reaching this conclusion, we compare the language of the filing requirement in subsection (i) and the mailing requirement in subsection (ii). In analyzing the filing requirement, we have held Code § 19.2-187(i) does not authorize

> filing in the general district court as a substitute for the proviso that the certificates be filed in the circuit court at least seven days prior to the hearing in the circuit court; rather it specifically requires the certificate to *be filed with the clerk of the court hearing the case at least seven days prior to the hearing or trial*."

Allen v. Commonwealth, 3 Va. App. 657, 664, 353 S.E.2d 162, 166 (1987) (quoting former Code § 19.2-187 (1983 Repl. Vol. & 1984 Cum. Supp.)). Logic and the controlling principle of strict statutory construction, see, e.g., Mullins, 12 Va. App. at 374, 404 S.E.2d at 238, dictate that we construe the mailing requirement of subsection (ii) in the same fashion. Based on the statute's prefatory language referring to "any hearing or trial of any criminal offense" and the language of subsection (i) requiring filing with "the clerk of the court hearing the case," we hold that the statute applies to a proceeding in a single court and that subsection (ii)'s reference to "the clerk" applies to that same clerk referenced in subsection (i)--"the clerk of the court hearing the case."

Although our focus in Mullins was on *whose actions* could satisfy the statutory mailing requirement, our analysis also implicitly recognized that the *duty* to satisfy the statutory mailing requirement arose "*when defense counsel made such a request*." 12 Va. App. at 375, 404 S.E.2d at 239 (emphasis added). The relevant part of Code § 19.2-187 provided then, as it does now, that a certificate of analysis is admissible "provided . . . (ii) a copy of such certificate is mailed or

delivered . . . to counsel of record for the accused at least seven days prior to the hearing or trial *upon request*" "*of*" or "*made by*" "*such counsel*." 2002 Va. Acts, ch. 832 ("upon request made by such counsel"); <u>Mullins</u>, 12 Va. App. at 373 n.1, 404 S.E.2d at 238 n.1 ("upon request of such counsel"). The version of the statute applicable in appellant's case also requires that the request (a) be made "to the clerk [of the court hearing the case] with notice of the request to the attorney for the Commonwealth" and (b) "be on a form prescribed by the Supreme Court and filed with the clerk [of the court hearing the case] at least 10 days prior to trial." Code § 19.2-187 (2000 Repl. Vol. & 2002 Cum. Supp.). Thus, the revised statute makes even more clear that the event triggering the mailing requirement is the filing of the prescribed form, with notice to the Commonwealth's attorney, in the court in which the proceedings are pending.

Strict compliance with the statute requires that if counsel for the accused invokes subsection (ii) by filing a proper request for any certificates of analysis in the circuit court, in order for a certificate of analysis provided to counsel for the accused to satisfy the mailing requirement of subsection (ii), permitting its admission into evidence at trial in circuit court, it must be provided "upon request made by such counsel" during the pendency of proceedings in the circuit court. Failure of the clerk or the Commonwealth's attorney to comply with such a request in a timely fashion permits counsel for the accused to conclude that if the Commonwealth plans to offer the certificate, it will call as a witness the "person who perform[ed] the analysis or examination" reflected in the certificate. <u>See</u> Code § 19.2-187. As we have noted on numerous occasions, "[t]he issue is not whether the defendant or his counsel received notice of the content of the certificate, but whether the statutory prerequisites ha[ve] been satisfied for admitting into evidence a document that otherwise would be inadmissible hearsay." <u>Mullins</u>, 12 Va. App. at 374, 404 S.E.2d at 239; <u>see also</u> <u>Woodward</u>, 16 Va. App. at 674, 432 S.E.2d at 512 (noting harmless error analysis could be applied to affirm conviction only

because record contained other evidence proving that defendant possessed cocaine--evidence that was "unaffected by the erroneously admitted certificate of analysis"). Because the mailing did not occur in a timely fashion in response to the request made in the circuit court on the required form, the mailing requirement of Code § 19.2-187 was not satisfied.[3] Cf. Allen, 3 Va. App. at 664, 353 S.E.2d at 166 (holding timely filing of certificates in district court did not satisfy requirement for timely filing in circuit court).

III.

For these reasons, we hold the evidence failed to support the trial court's finding that the certificate was provided to appellant in the manner required by Code § 19.2-187. Because we cannot conclude the erroneous admission of the certificate was harmless,[4] we reverse the

---

[3] Although the request must be made on a specified form, the statute does not require that the certificate be provided in any particular fashion or accompanied by any particular certification or form as long as the evidence supports a finding that it was mailed or delivered at least seven days prior to trial. Cf. Carter v. Commonwealth, 12 Va. App. 156, 158, 403 S.E.2d 360, 361 (1991) ("Although we are required to construe Code § 19.2-187 strictly against the Commonwealth and in favor of the accused, the statute only requires that the certificate be filed." (citation omitted)). Thus, as we noted in *dicta* in Mullins, a defendant's request for a certificate, filed on the proper form in the circuit court, is satisfied if the Commonwealth subsequently provides a timely copy of the certificate as part of discovery. Mullins, 12 Va. App. at 375 n.2, 404 S.E.2d at 239 n.2.

[4] In determining whether an error is harmless, we review "the record and the evidence and evaluate the effect the error may have had on how the finder of fact resolved the contested issues." Lavinder v. Commonwealth, 12 Va. App. 1003, 1007, 407 S.E.2d 910, 912 (1991) (en banc). Non-constitutional error is harmless if other evidence of guilt is so "overwhelming" and the error so insignificant by comparison that we can conclude the error "failed to have any 'substantial influence' on the verdict." United States v. Lane, 474 U.S. 438, 450, 106 S. Ct. 725, 732, 88 L. Ed. 2d 814, 826 (1986) (quoting Kotteakos v. United States, 328 U.S. 750, 765, 66 S. Ct. 1239, 1248, 90 L. Ed. 2d 1557, 1567 (1946); see Clay v.Commonwealth, 262 Va. 253, 260, 546 S.E.2d 728, 731-32 (2001) (adopting Kotteakos harmless error standard).
   Here, absent the certificate of analysis, the evidence regarding the nature of the substances was limited to the substances themselves, which were admitted at trial; the testimony of a police officer that, based on his unenumerated "education, training and experience," he believed the substances to be cocaine and marijuana; and appellant's affirmative response at trial to the prosecutor's question, "You had the crack and the marijuana in your jacket . . . [,] right?"
   Assuming without deciding the evidence other than the certificate of analysis would have been sufficient to support a finding that the substances seized from appellant and admitted at trial

- 11 -

convictions and remand for further proceedings consistent with this opinion if the

Commonwealth be so advised.

Reversed and remanded.

---

were, in fact, cocaine and marijuana, we cannot conclude, without usurping the trial court's fact-finding function, "that the error did not influence the [fact finder], or had but slight effect." Clay, 262 Va. at 260, 546 S.E.2d at 731 (quoting Kotteakos, 328 U.S. at 764, 66 S. Ct. at 1248, 90 L. Ed. 2d at 1566).