COURT OF APPEALS OF VIRGINIA

Present:   Judges Clements, Haley and Beales
Argued at Richmond, Virginia


PERNELL ANDREW HOBSON

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 3043-06-2           JUDGE RANDOLPH A. BEALES
                                                    OCTOBER 23, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
James F. D'Alton, Jr., Judge

Steven P. Hanna for appellant.

Leah A. Darron, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Pernell Andrew Hobson (appellant) appeals his conviction for possession of cocaine,

pursuant to Code § 18.2-250, a lesser-included offense of the indicted charge of possession with

intent to distribute.[1]  On appeal, he argues that the trial court erred by admitting into evidence a

certificate of analysis "despite defense counsel not having received such after making proper

request."  We hold the certificate was properly admitted and affirm appellant's conviction.

BACKGROUND

Appellant was charged with possession of cocaine with intent to distribute, possession of

a firearm by a convicted felon, and possession of cocaine while possessing a weapon.  The

charges were certified by the grand jury and forwarded to the circuit court clerk, where the

possession with intent to distribute charge was assigned Case No. CR06-112.  At this point,

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The trial court dismissed two companion charges.

appellant's first attorney filed a discovery request and received from the Commonwealth a copy of a certificate of analysis.[2] This certificate indicated the substance found in appellant's possession was cocaine. The Commonwealth's written reply to the appellant's discovery request specifically listed the certificate of analysis as an item provided to appellant. The Commonwealth's reply, as well as its motion for reciprocal discovery, listed appellant's charges as Case Nos. "CR06-83, 112-113."

After receiving the discovery response from the Commonwealth, appellant's first attorney withdrew from the case. A second attorney was appointed to represent appellant. The second attorney received the first attorney's file on appellant's case, but that file did not include a copy of the certificate of analysis.

The second attorney filed a timely request with the circuit court, pursuant to Code § 19.2-187, for a copy of the certificate. He used the required form, but did not fill in the blank following "Case No. (if known)." He listed the charge as "Possession cocaine w/intent."

The certificate was in the file for Case No. CR06-112, the possession with intent to distribute cocaine charge. However, the circuit court clerk's office responded to appellant's request by writing "None on file" on the form submitted by appellant's second attorney. The clerk's office also wrote two case numbers beside "Case No. (if known)," but those numbers represent appellant's two other charges, not the possession with intent to distribute indictment.

At the hearing on appellant's motion to exclude the certificate, the trial court concluded:

> It is a potential problem here. If the Commonwealth's [sic] wants to proceed, I think you have ample evidence here. I think that there is compliance. I have read enough about it, that if it is in the file in the wrong case, that is not enough.

_____

[2] At trial, appellant did not dispute the Commonwealth's proffer that the first attorney received the certificate of analysis with the discovery responses.

> Since [appellant's counsel] sends it with no case number on it, then I think that is a defective request, so I think that that is the Court's ruling. I am going to, over your objection, go forward.

The trial court then heard the evidence, and appellant was convicted of possession of cocaine, a lesser-included offense of possession with intent to distribute cocaine.

ANALYSIS

At the time of this trial, Code § 19.2-187 read, in pertinent part:

> In any hearing or trial of any criminal offense . . . , a certificate of analysis of a person performing an analysis or examination, performed in any laboratory operated by the Division of Consolidated Laboratory Services or the Department of Forensic Science or authorized by such Department to conduct such analysis or examination, . . . when such certificate is duly attested by such person, shall be admissible in evidence as evidence of the facts therein stated and the results of the analysis or examination referred to therein, provided (i) the certificate of analysis is filed with the clerk of the court hearing the case at least seven days prior to the hearing or trial and (ii) a copy of such certificate is mailed or delivered by the clerk or attorney for the Commonwealth to counsel of record for the accused at least seven days prior to the hearing or trial upon request made by such counsel to the clerk with notice of the request to the attorney for the Commonwealth. The request to the clerk shall be on a form prescribed by the Supreme Court and filed with the clerk at least 10 days prior to trial.
>
> *       *       *       *       *       *       *
>
> Any such certificate of analysis purporting to be signed by any such person shall be admissible as evidence in such hearing or trial without any proof of the seal or signature or of the official character of the person whose name is signed to it.

2005 Va. Acts, cc. 868, 881. If the two statutory requirements in subsections (i) and (ii) were not met, then the certificate was not admissible.[3] Bell v. Commonwealth, 47 Va. App. 126, 134, 622 S.E.2d 751, 754 (2005). Appellant argues that the requirements of subsection (ii) were not met.

---

[3] The current statute, as amended in 2006, states that "the defendant shall be entitled to continue the hearing or trial" if he does not receive the requested copy of the certificate of analysis.

Here, the Commonwealth did provide a copy of the certificate to appellant more than seven days before trial. The Commonwealth sent the certificate in response to the first attorney's discovery request. The failure of appellant's attorneys to keep track of the copy they received should not penalize the Commonwealth. Cf. Bell v. Commonwealth, 24 Va. App. 208, 211-12, 481 S.E.2d 473, 475-76 (1997) (finding the Commonwealth did not need to provide discovery answers to Bell's third attorney when his first attorney had seen the items, given the information to Bell's second attorney, and the second attorney did not provide all that information to Bell's third attorney until the day before trial).[4] The Commonwealth provided the certificate to appellant's first attorney, who was then counsel of record, in response to his request. We hold the Commonwealth complied with the statute at that point. Therefore, the certificate was admissible.

CONCLUSION

We find the trial court did not err in admitting the certificate of analysis into evidence, and, therefore, we affirm his conviction.

Affirmed.

---

[4] Defense counsel also failed to completely fill out the required form. Although the form indicates that counsel must only fill in the case number "if known," counsel here did know the number, which is on the indictment and on the discovery responses, both of which were, of course, in the possession of appellant's counsel. Counsel's explanation during oral argument, that he did not have the case number with him when he filled out the form, is not persuasive.