COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Felton, Judges Clements and Beales
Argued at Richmond, Virginia


QUINTON DARNELL WHITTED

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0450-07-2            JUDGE RANDOLPH A. BEALES
                                                         MAY 20, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Frederick G. Rockwell, III, Judge

Aubrey Russell Bowles, IV (Bowles and Bowles, on brief), for
appellant.

Karri B. Atwood, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


A jury convicted Quinton Darnell Whitted (appellant) of six felonies, all related to a bank

robbery. On appeal, appellant argues that the trial court erred in "allowing the DNA report to be

admitted into evidence." Based upon the following analysis, we affirm his convictions.

BACKGROUND

In compliance with Code § 19.2-270.5, the Commonwealth sent a letter to appellant's

attorney with notification of the prosecution's intent to introduce a certificate of analysis at trial.

With this letter, the Commonwealth enclosed the first two pages of a four-page certificate of

analysis that compared appellant's DNA to DNA collected from gloves allegedly used in the

bank robbery. The Commonwealth did not have pages three and four of the certificate.

On the day of the jury trial, during the testimony of Elizabeth Ballard, the forensic

scientist who prepared the DNA certificate, appellant discovered that Ballard had pages three and

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

four of the certificate. The full certificate was also in the court's file. Appellant objected to introduction of the certificate, arguing that the Commonwealth had not complied with Code § 19.2-270.5. The trial court overruled the objection, finding appellant's counsel had an "obligation" to review the court's file, where he would have found the full certificate.

The jury heard from other witnesses, viewed pictures taken during the robbery, and saw a comparison of appellant's shoe to a shoeprint that one of the robbers had left on the counter at the bank. At the conclusion of all the evidence, the jury convicted appellant of wearing a mask in public, two counts of robbery, two counts of use of a firearm in the commission of a robbery, and entering a bank while armed. The jury then sentenced him to ninety-three years in the penitentiary. The trial court affirmed the guilty verdicts and imposed the jury's sentences for the crimes.

ANALYSIS

Code § 19.2-270.5 states, in pertinent part:

> At least twenty-one days prior to commencement of the proceeding in which the results of a DNA analysis will be offered as evidence, the party intending to offer the evidence shall notify the opposing party, in writing, of the intent to offer the analysis and shall provide or make available copies of the profiles and the report or statement to be introduced. In the event that such notice is not given, and the person proffers such evidence, then the court may in its discretion either allow the opposing party a continuance or, under appropriate circumstances, bar the person from presenting such evidence.

Assuming without deciding that the Commonwealth did not comply with this statute, we find any error was harmless.

Admission of a certificate of analysis where the Commonwealth has failed to follow the procedures outlined in Code § 19.2-270.5 constitutes non-constitutional error. Cf. Bell v. Commonwealth, 47 Va. App. 126, 140 n.4, 622 S.E.2d 751, 757 n.4 (2005) (discussing Code

§ 19.2-187).  If such an error is harmless, then this Court must affirm a defendant's conviction.

See Code § 8.01-678.

> Non-constitutional error "is harmless 'when it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached.'"  Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc) (quoting Code § 8.01-678) (emphasis added in Lavinder).  To determine whether an error is harmless, the Court "must review the record and the evidence and evaluate the effect the error may have had on how the finder of fact resolved the contested issues."  Id. at 1007, 407 S.E.2d at 912.  "An error does not affect a verdict if a reviewing court can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same."  Id. at 1005, 407 S.E.2d at 911.

Hall v. Commonwealth, 32 Va. App. 616, 627, 529 S.E.2d 829, 835 (2000) (*en banc*).

Even without the certificate of analysis, the evidence against appellant was still overwhelming.  We conclude that the jury would have convicted appellant even if the trial court had excluded the DNA certificate.

First, Ballard testified[1] about all of the incriminating information contained in the certificate of analysis.  She explained the testing that she conducted on the DNA samples.  She explained her conclusion that DNA from the gloves matched DNA taken from appellant.  Therefore, the certificate was merely duplicative of Ballard's testimony.

In addition, the jury was shown pictures from the bank's security camera.  These pictures showed one of the robbers dressed in a gray sweatshirt with a red t-shirt under it, a bandana over his face, and gloves on his hands.  This robber gave one of the tellers a bag and ordered him to

---

[1] During oral argument before this Court, appellant claimed he objected at trial to the admission of both the certificate and Ballard's testimony.  However, at trial appellant only objected to introduction of the certificate; he never objected to Ballard's testimony.  Appellant's argument to the trial court focused exclusively on the two missing pages, not the live testimony of Ballard.  Therefore, we find any argument regarding the admissibility of Ballard's testimony was not preserved for appeal.  Rule 5A:18.  In addition, appellant's question presented claims error related to the certificate only, not to Ballard's testimony.

put money in it. The teller put "bait" money and a red dye pack that would explode into the bag. This robber jumped up onto the counter while the teller was filling the bag, leaving several shoeprints on the counter.

Appellant was seen in a trailer park close to the bank immediately after the robbery occurred. He was wearing a red t-shirt, and he had a gray sweatshirt and a pair of gloves with him. It was late December, but appellant was "sweating." A resident in the area saw appellant walk between two trailers and then return thirty seconds later without the gloves and sweatshirt. The gloves were found under the steps of one of the trailers and the gray sweatshirt, with some red dye on it, was in a trash can beside the same trailer. A few days later, the bag from the robbery with the bait money and an exploded dye pack was recovered at a residence across the street from the two trailers that appellant had walked by.

When the police stopped appellant in the trailer park, he was wearing tennis shoes and had a red bandana in his back pocket. A forensic science expert, Amanda Lane, testified that two shoeprints left on the bank's counter by one of the robbers "had been made by the right shoe" that appellant was wearing when he was stopped by the police in the trailer park. Appellant's right shoe and these prints matched "perfectly," according to Lane. The certificate detailing this expert's findings was admitted into evidence.

Based on all the evidence presented at trial, we conclude that the jury would have convicted appellant, even if the DNA certificate had been excluded.

CONCLUSION

Based on the above findings, we hold that, if the trial court did err when it overruled appellant's objection to the certificate of analysis, that error was harmless. Therefore, we affirm his convictions.

Affirmed.