Opinion issued November 22, 2006





     












In The
Court of Appeals
For The
First District of Texas




NO. 01-06-01033-CV 




IN RE DAVID LORENZA JOYNER, Relator




Original Proceeding on Petition for Writ of Mandamus




MEMORANDUM OPINION

           Relator, David Lorenza Joyner, contends in a petition for writ of mandamus
that respondent, Sara Ochoa, a deputy clerk with the Brazoria County’s district
clerk’s office returned his suit papers in an action that he seeks to prosecute in
Brazoria County district court. In his petition for writ of mandamus, relator requests
this Court to direct respondent to “present” the suit to the district court, to assign his
suit a cause number, and to issue citation. 
          This Court has no jurisdiction to issue a writ of mandamus against a district
clerk unless necessary to enforce our appellate jurisdiction. In re Washington, 7
S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999) (orig. proceeding); see Tex.
Gov’t Code Ann. § 22.221(a) (Vernon 2004). Relator asserts that we have
jurisdiction in this original proceeding because respondent’s refusal to perform the
acts identified above interferes with this Court’s appellate jurisdiction over the
lawsuit that he seeks to prosecute. We disagree. 
          The filing of a notice of appeal invokes this Court’s appellate jurisdiction. See
Washington, 7 S.W.3d at 182 (citing Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim.
App. 1996), Rhem v. State, 820 S.W.2d 946, 947 (Tex. App.—Houston [1st Dist.]
1991) (published order)). Our jurisdiction to issue a writ of mandamus exists to
enforce our actual as opposed to our potential jurisdiction. See In re Johnson, No.
07-04-0048-CV, 2004 WL 384458, at *1 (Tex. App.—Amarillo Mar. 2, 2004) (orig.
proceeding). Though we may have potential jurisdiction over it, we do not have
actual appellate jurisdiction over the relator’s suit at this time. Thus, we have no
jurisdiction to issue a writ of mandamus against respondent. See Johnson, 2004 WL
384458, at *1. 
 

          We dismiss relator’s petition for writ of mandamus for want of jurisdiction. 
PER CURIAM
Panel consists of Justices Nuchia, Jennings, and Higley.